FILED

1  REBECCA B. MOCCIARO, CASBN 89777
   AURORA L. BASA, CASBN. 245161
2  FARMER & RIDLEY LLP
   555 S. Flower Street, Suite 2700          10 JUN 23  PM 2:57
3  Los Angeles, California 90071
   Telephone: (213) 626-0291                 CLERK U.S. DISTRICT COURT
4  Fax:  (213) 833-7812                       CENTRAL DIST. OF CALIF.
   rmocciaro@f-rlaw.com                           LOS ANGELES
5
                                             BY:_____
6  Attorneys for Plaintiff
   FRANK L. RUDY as an individual,
7  and on behalf of Western Mixers, Inc.,
   as a Trustee of the Western Mixers, Inc.
8  Money Purchase Pension Plan
   representing the interest of all Plan Participants;
9  and as a Shareholder of Western Mixers, Inc.

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14

15  FRANK L. RUDY, as an individual,      )  Case No: CV10 4655-JHN
    and on behalf of Western Mixers, Inc.,)                (PJW)
16  and as a Trustee of the Western Mixers,)
    Inc. Money Purchase Pension Plan      )  COMPLAINT FOR BREACHES OF
17  representing the interest of all Plan  )  FIDUCIARY DUTY UNDER THE
    Participants, and in his individual   )  EMPLOYEE RETIREMENT
18  capacity as a shareholder of Western  )  INCOME SECURITY ACT
    Mixers, Inc.,                         )  ("ERISA"), 29 U.S.C. §1001 et seq.;
19                                        )  BREACH OF CONTRACT UNDER
                                          )  29 U.S.C. § 1367(a); BREACH OF
20                      Plaintiff,        )  FIDUCIARY DUTY;
                                          )  FRAUDULENT
21                                        )  CONCEALMENT/SUPPRESSION;
                                          )  BREACH OF CONTRACT
22      vs.                               )
                                          )
23  DAVID BOLSTAD, an individual;,        )
    ROBERT J. FISCHER, an individual;     )
24  ACTUARIAL CONSULTANTS, INC.,          )
    a corporation; and JACK A. CROSS &    )
25  ASSOCIATES, INC., a corporation,      )
                                          )
26                      Defendants        )
                                          )
27  _____)

28

─────────────────────────────────────────────
COMPLAINT FOR BREACHES OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME
SECURITY ACT ("ERISA "), 29 U.S.C. §1001, etc, et al

*SERVICE VIA CERTIFIED MAIL: THE SECRETARY OF THE*
*UNITED STATES DEPARTMENT OF LABOR AND THE INTERNAL*
*REVENUE SERVICE AS REQUIRED UNDER ERISA, 29 U.S.C. §1132(h).*

Frank L. Rudy ("Plaintiff") hereby alleges:

## PARTIES

1.     Plaintiff is a participant in the Western Mixers, Inc. (the "Company") Money Purchase Pension Plan (the "Plan"). Plaintiff is also a shareholder, officer and employee of The Company. Plaintiff files this action on his own behalf, and, as a shareholder of Western Mixers, Inc., on behalf of the Company.

2.     Plaintiff is informed and believes and on that basis states that he was named by some or all of the named Defendants as a "trustee" of the Plan, without his agreement or acceptance of the duties and responsibilities of said status. Plaintiff denies that he at any time acted as a trustee of the Plan, insofar as he was prevented from so acting as the direct and proximate result of the conduct of third parties, including but not limited to Defendants David Bolstad and Robert J. Fischer, as alleged *infra*.

3.     However, in his purported status as a named "trustee", Plaintiff thus also brings this action in his capacity as Trustee of the Plan on the Plan's behalf, and on behalf of all of the Plan's participants. Under ERISA, a trustee may bring a claim to enforce and redress ERISA's provisions, and to obtain appropriate relief.

-2-

29 U.S.C. §1132(a)(3).  See, e.g., *Waller v. Blue Cross*, 32 F.3d 1337, 1339 (9th Cir. 1994).

    4.    At all relevant times, Plaintiff has resided within this District.

    5.    The Company, officed in Los Angeles, California, within this District, was incorporated and established in 1966 by Plaintiff, and, among other services it provides, is a distributor of fresh fruit, vegetables, nuts, and dried fruit.

    6.    The Plan is a money purchase plan as defined under ERISA, 29 U.S.C. Section 1002, et seq.  The Plan is a defined contribution pension plan in which the amount of contributions each participating employee receives from the employer is in proportion to the employee's wages.  Under the relevant terms and provisions regarding money purchase plans, the employer's contributions on behalf of and for each participating employee are mandatory, regardless of the relevant company's profits (in this case, the Company).

    7.    Defendant David Bolstad ("Bolstad"), at all relevant times, was an officer and shareholder of the Company, and was a trustee of the Plan.  Plaintiff is informed and believes and on that basis states that at all relevant times, Bolstad resided and worked with this District.  At all relevant times, Bolstad was the majority (2/3) shareholder, and Plaintiff a minority (1/3) shareholder, of the Company.

    8.    Defendant Robert J. Fischer ("Fischer"), at all relevant times, was an employee and Chief Financial Officer of the Company and served as Administrator

-3-

of the Plan.  Plaintiff is informed and believes and on that basis states that at all

relevant times, Fischer resided and worked within this District.

9.      Defendant Actuarial Consultants, Inc. ("ACI") was, at all relevant

times, a third party administration firm, hired by the Company to provide

administrative services to the Plan Sponsor for operation of the Plan.  Plaintiff is

informed and believes and on that basis states that at all relevant times, ACI was a

duly organized corporation, with its primary offices located and operated within this

District.

10.      Defendant Jack A. Cross & Associates, Inc. ("Cross") was, at all

relevant times, a third party administration firm, hired by the Company to provide

administrative services to the Plan Sponsor for operation of the Plan.  Plaintiff is

informed and believes and on that basis states that at all relevant times, Cross was a

duly organized corporation, with its primary offices located and operated within this

District.

11.      Plaintiff is informed and believes and on that basis states that he was

named as a Trustee of the Plan, but was prevented from performing any Trustee

duties by the conduct of Bolstad and Fischer, *inter alios*, and that all culpable

conduct was performed by others, not himself.


**JURISDICTION AND VENUE**

-4-

12.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. Section 1331. This action brings breach of fiduciary duty claims arising under 29 U.S.C. 1132(a)(2) for relief under 29 U.S.C. 1109 and claims under 29 U.S.C. 1132(a) (3) for equitable relief concerning Defendants' mismanagement of and other acts of malfeasance regarding a qualified retirement plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq ("ERISA"), including but not limited to removal of the current trustees of the Plan. This Court thus has exclusive subject matter jurisdiction over these claims pursuant to 29 U.S.C. 1132(e)(1).

13.    This Complaint also alleges supplemental state law claims, pursuant to 28 U.S.C. Section 1367(a) for fraud (concealment), fraud (misrepresentation), and breach of fiduciary duty.

14.    Venue is proper in this Court District under 29 U.S. C. 1132 (e) (2) because the Plan is administered here and all of the defendants reside and work within this Court District.

## FACTUAL BACKGROUND

15.    Defendant Bolstad was the initiator of the idea of establishing a pension plan program for the Company. The Plan described in this complaint was established and maintained at Defendant Bolstad's direction and under his control, both in his capacity as shareholder of the Company and Plan Trustee.

16.    The Plan was established with an effective date of November 3, 1973.

-5-

17.     The Plan was amended and restated by the Company on June 26, 1992, under the CPI Pension Services Defined Contribution Prototype Plan with an effective date of March 1, 1987.

18.     The Plan was subsequently amended and restated on April 16, 2004, with an effective date of March 1, 2004, under an AccuDraft Non-Standardized Regional Prototype Plan.

19.     Under the CPI Prototype Plan, *supra,* the Company was the "Plan Administrator." As the Plan Administrator, the Company was thus responsible for maintenance of the Plan and for the delivery of annual reports to the Plan participants, among other duties and responsibilities as defined by ERISA.

20.     Under the CPI Prototype Plan, the Company was also required to appoint an advisory committee to administer the Plan. Plaintiff is informed and believes and on that basis alleges that no such advisory committee was ever appointed.

21.     Without the appointment of an advisory committee, Plaintiff is further informed and believes and on that basis alleges that under the CPI Prototype Plan, the Company, as the "Plan Administrator", assumed all of the powers, duties and responsibilities of an advisory committee.

22.     Further, the CPI Prototype Plan document stated that the Company, as the Plan Administrator, and also operating as the advisory committee, had the following duties and obligations:

COMPLAINT FOR BREACHES OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME
SECURITY ACT ("ERISA "), 29 U.S.C. §1001, etc, et al

a.   to construe and enforce the terms of the Plan;

b.   to allocate or direct the Plan Trustee(s) to allocate the contributions as of the last day of the Plan year;

c.   to deliver to each participant an individual statement as soon as practicable after the Plan year end; and

d.   to engage the services of agents and/or investment managers as it deemed advisable.

23.   The CPI Prototype Plan document required the Trustee(s) to perform any and all acts necessary or appropriate for the proper and advantageous management, investment, and distribution of the funds in the Trust.

24.   Plaintiff is informed and believes and on that basis alleges that the Company purportedly appointed the Plan Trustees, who were granted full discretion and authority with regard to the contributions held in trust for the participating employees, including the power to invest, manage, hold and control the assets of the funds held in trust.

25.   Plaintiff is informed and believes that while he was formally named a Trustee of the Plan, he was intentionally precluded and prevented from ever performing any duties as Trustee or in any other capacity for the Plan; those duties and responsibilities were performed by Defendants Bolstad and Fischer, *inter alios.* Plaintiff is further informed and believes and on that basis alleges that Defendant Fischer voluntarily assumed the duties and responsibilities of a Plan trustee.

-7-

COMPLAINT FOR BREACHES OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA "), 29 U.S.C. §1001, etc, et al

26.     Under the terms and provisions of the Plan (as restated), the Company became the 'named fiduciary' under ERISA Section 402(a)(2).

27.     Plaintiff is informed and believes and on that basis alleges that CPI performed third party administrative services for the Plan until approximately 1990.

28.     Plaintiff is informed and believes and on that basis alleges that from approximately 1990 until sometime in late 2004, Defendant Fischer performed administrative services and duties for the Plan.

29.     Plaintiff is informed and believes and on that basis alleges that from late 2004, the Company retained the services of Defendant ACI to perform third party administrative services for the Plan.

30.     Plaintiff is informed and believes and on that basis alleges that from sometime after late 2004, the Company retained the services of Defendant. Cross to perform third party administrative services for the Plan.

31.     Plaintiff is informed and believes and on that basis alleges that he played no administrative, trustee, or fiduciary role for the Plan at any time.  Plaintiff is further informed and believes and on that basis alleges that Defendants Bolstad and Fischer, at all relevant times, performed all of the administrative, trustee, or fiduciary duties for the Plan and its participants, and that they intentionally kept information from Plaintiff as part of their fiduciary breaches and violations.

32.     Plaintiff is informed and believes and on that basis alleges that Defendant Fischer was responsible for, and in fact did, calculate all employer contributions.

33.     Plaintiff is further informed and believes and on that basis states that while he and Defendant Bolstad did approve payments of said employer contributions, Plaintiff's role was merely ministerial, approving payments but relying upon Defendants Bolstad and Fischer to perform their fiduciary duties under the terms of the Plan.

34.     Plaintiff is informed and believes and on that basis states that the Company and the Plan reasonably relied upon the services provided by Defendants ACI and Cross, individually and collectively.

35.     Plaintiff is informed and believes and on that basis states that Defendant Fischer signed the overwhelming majority of the Plan's contribution checks.

36.     Plaintiff is further informed and believes that Defendants Fischer and Bolstad failed to perform their fiduciary duties by failing to assure that the Company made the required annual employer contributions into the Plan accounts for the Plan years ending February 28, 1997, February 29, 2000, February 28, 2001, February 28, 2002, February 28, 2003, and February 29, 2004.

37.     Plaintiff is informed and believes and on that basis states that Defendants Bolstad and Fischer's failures to make these annual employer

-9-

1   contributions constituted breaches of fiduciary duties owed to the Plan, and violated

2   section 410(a) of ERISA.

3        38.    Plaintiff is further informed and believes and on that basis alleges that

4   Defendants Bolstad and Fischer failed to provide annual statements to the majority

5

6   of employees (including terminated employees) commencing in 1993 through the

7   present, and, further, that Defendants Bolstad and Fischer failed to properly allocate

8

9   employer contributions for the noted years, in violation of Sections 401(a)(1)(A),

10  (B), and (D), of ERISA.

11       39.    Moreover, Plaintiff is informed and believes and on that basis alleges

12

13  that the CPI Prototype Plan document, and the Plan, as Restated, required that

14  vested benefits under the Plan were to be distributed as soon as administratively

15

16  practicable upon the death, disability or termination of any participating employee,

17  either in a lump sum payment (vested benefits not exceeding $5000), or in a lump

18  sum payment, monthly installment payments, or a joint and survivor annuity (vested

19

20  benefits exceeding $5000).

21       40.    Plaintiff is informed and believes and on that basis alleges that

22  Defendants Bolstad and Fischer, in their roles as fiduciaries, and Defendant Bolstad

23

24  in his role as Trustee, violated the terms and provisions of the Plan documents by

25  delaying distributions to at least two of the Company's employees, in violation of

26  Section 404(a)(1)(A), (B) and (D) of ERISA.

27

28

COMPLAINT FOR BREACHES OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME
SECURITY ACT ("ERISA "), 29 U.S.C. §1001, etc, et al

41.   Plaintiff is further informed and believes and on that basis alleges that in 1991, in violation of Section 404(a)(1)(A), (B) and (D) of ERISA, Defendants Bolstad and Fischer made improper Plan investments, namely the purchase of life insurance policies naming relatives of the insured Plan participants, rather than the Plan Trustee, as beneficiaries of the policies.

42.   Plaintiff is further informed and believes and on that basis alleges that Defendants Bolstad and Fischer, in further violation of sections 404(a)(1)(A), (B) and (D), and 406(a)(1)(B) of ERISA, commencing no later than the Plan year ending February 29, 2000, and continuing for a number of Plan years, made loans to Plan participants and beneficiaries without establishing a written policy for making such loans, without obtaining promissory notes from said borrowers, and that said loans were prohibited transactions under Section 406(a)(1)(B) of ERISA .

43.   Plaintiff is further informed and believes and on that basis alleges that Defendants Bolstad and Fischer, in further violation of sections 104(a) of ERISA failed to file an annual report (IRS Form 5500) for the Plan year ending February 29, 2000.

44.   Plaintiff is further informed and believes and on that basis alleges that Defendants Bolstad and Fischer are responsible for a variety of other breaches of fiduciary duties owed to the Company, the Plan, and the participants, *including but not limited to*: (a) inaccurately reporting the full amount of participant distributions on IRS Form 5500 reports for the 2001 through 2005 Plan years; and (b) making

-11-

prohibited transfers from the Plan's Trust account to the Company during the 2002 through 2005 Plan years.

45.     Plaintiff further alleges that he was never advised of any of the afore-alleged facts, and was intentionally prevented from learning about such misconduct and breaches of fiduciary duty.  The Defendants intentionally undertook to withhold information from Plaintiff and actively prevented him from learning the true facts, despite his inquiries to them regarding such information.  Plaintiff was involved with the Company's marketing and sales operations, and did not participate in any of the Company's executive functions, including, without limitation, the operations and financial affairs of the Company, as well as the administration of the Plan. These functions were performed solely by Defendants Bolstad and Fischer, subject to administrative assistance provided by Defendants ACI and Cross.

46.     The conduct of Defendants Bolstad and Fischer reflects their intentional disregard of their fiduciary and other duties imposed upon them as fiduciaries of the Plan, and, in the case of Defendant Bolstad, the duties imposed upon his as Trustee of the Plan, in total repudiation of the Plan's governing documents.

47.     Plaintiff did not discover any of these fiduciary and other breaches and violations until receiving notification from the Department of Labor of said violations sometime in mid to late 2009.  Plaintiff is still in the process of

1  investigating these claims, and reserves the right to modify and amend this

2  Complaint pursuant to applicable Federal law.

3

4                              CLAIMS FOR RELIEF

5

6        FIRST CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER

7               29 U.S.C. § 1132 (A)(2) FOR APPROPRIATE

8   RELIEF UNDER 29 U.S.C. § 1109, INCLUDING WITHOUT LIMITATION

9        REMOVAL OF DEFENDANT BOLSTAD AS TRUSTEE

10               [Against Defendants Bolstad and Fischer]

11

12       48.    Plaintiff hereby incorporates the allegations included in paragraphs 1

13  through 47.

14       49.    ERISA imposes a prudent person standard upon fiduciaries in their

15  operation and administration of a qualified retirement Plan.  ERISA imposes certain

16  remedies for any failure to comply with these fiduciary duties, including relief under

17  29 U.S.C. §1132(a) (2):

18             (a)Any person who is a fiduciary with respect to a plan who breaches

19  any of the responsibilities, obligations, or duties imposed upon fiduciaries by this

20  subchapter shall be personally liable to make good to such plan any losses to the

21  plan resulting from each such breach, and to restore to such plan any profits of such

22  fiduciary which have been made through use of assets of the plan by the fiduciary,

23  and shall be subject to such other equitable or remedial relief as the court may deem

24  appropriate, including removal of such fiduciary.  A fiduciary may also be removed

25  for such violations (29 U.S.C. § 1109, et seq, and 29 U.S.C. § 1132(a)(2)).

26       50.    At all times relevant to this dispute, the Company and the Plan reposed

27  trust and confidence in Defendant Fischer and Defendant Bolstad with respect to the

28  management and supervision of the Plan.

-13-

1    51.    Bolstad, as trustee, failed to perform his duties as Trustee, as alleged in
2    paragraphs 30 through 46, *supra*.  Bolstad is personally liable under ERISA §405,
3    29 U.S.C. §1105 for his failure to act, and should be required to make good any
4    losses to the Plan occasioned by his failures and conduct.

5    52.    Fischer, as Plan Administrator, failed to perform his duties therein, as
6    alleged in paragraphs 30 through 46, *supra*.  Fischer is equally personally liable
7    under ERISA §405, 29 U.S.C. §1105 for his failure to act, and should be required to
8    make good any losses to the Plan occasioned by this failure.

9    53.    Any participant losses to the Plan may be recoverable as the fiduciary
10   protections of §404(c) did not apply.  See, e.g., *Larue v. Dewolff, Boberg &*
11   *Associates, Inc*. et al, 128 S. Ct. 1020 (2008) (Sections 409 and 502(a)(2) authorize
12   a participant in a defined contribution pension plan to sue to recover losses to the
13   plan caused by a fiduciary breach even though the losses will be allocated to the
14   participant's individual account).

15   54.    Moreover, by virtue of his status as a shareholder and director of the
16   Company, and a Trustee of the Plan, and as a further result of the above-described
17   relationship of trust and confidence that existed between Bolstad, on the one hand,
18   and the Company and the Plan, on the other, Bolstad owed the Company and the
19   Plan strict fiduciary duties of trust, loyalty, and due care.

20   55.    By virtue of his status as a key and trusted senior employee of the
21   Company, and Plan Administrator, and as a further result of the above-described
22   relationship of trust and confidence that existed between Fischer, on the one hand,
23   and the Company and the Plan, on the other, Fischer owed the Company and the
24   Plan strict fiduciary duties of trust, loyalty, and due care.

25   56.    Among other things, Bolstad's and Fischer's fiduciary duties required
26   them to refrain from mismanaging the Plan or misappropriating any of the Plan's
27   assets.

28

57.   More specifically, the Plan, the Company, and the Company employees who were participants in the Plan, including but not limited to Plaintiff, entrusted Bolstad and Fischer with responsibility for (a) diligently administering the Plan to ensure its compliance with all applicable tax regulations and other requirements, (b) properly managing the assets of the Plan so as to ensure the maximum financial return to all of the Plan's beneficiaries, (c) accurately reporting the Plan's activities to the appropriate regulatory authorities, and (d) fully accounting for the Plan's assets to all interested parties, including the Plan's beneficiaries.

58.   Bolstad and Fischer breached the fiduciary duties they owed to the Company, the Plan, and the Plan's participants by grossly mismanaging the Plan and its assets, as alleged in paragraphs 30 through 46, *supra*

59.   Moreover, Bolstad and Fischer actively concealed their wrongful conduct, and went to great lengths to deceive Plaintiff, the Company, the Plan, and the Plan's successor trustees into believing that Bolstad and Fischer were utilizing their best efforts on behalf of the Company, the Plan, and the Plan participants, and in discharging the fiduciary duties of trust, loyalty, and due care they owed to the Company, the Plan, and the Plan's participants.  In particular, Bolstad and Fischer attempted to conceal their mismanagement of the Plan and its assets by failing to maintain proper documentation of the Plan and its activities, and by intentionally concealing their activities from Plaintiff, a nominal Plan Trustee.

60.   As a direct and proximate result of Bolstad and Fischer's above-described breaches of their fiduciary duties, Plaintiff, the Company and the Plan have incurred damages in as-yet unascertained amounts, to be proven at trial.

61.   Further, as a direct and proximate result of Bolstad and Fischer's above-described breaches of their fiduciary duties, 29 U.S.C. §1109 allows the Court to assess any and all equitable or remedial relief as it deems appropriate, including but not limited to the removal of Defendant Bolstad from his fiduciary

-15-

1 | position as Trustee, and appoint Nicholas Saakvitne, Esq. as an independent trustee
2 | to assume and carry out all fiduciary obligations.

3 | Second Claim For Breach of Fiduciary Duty under 29 U.S.C. §1132(a)(3)
4 | [Against Defendant Fischer]

5 | 62.     Plaintiff hereby incorporates the allegations included in paragraphs 1
6 | through 47, and paragraphs 49 through 61.

7 | 63.     As Plan Administrator, Fischer owed the Plan, the Company, and the
8 | Plan's participants strict fiduciary duties of trust, loyalty, and due care.

9 | 64.     More specifically, the Plan, the Company, and the Company employees
10 | who were participants in the Plan entrusted Fischer with responsibility for (1)
11 | diligently administering the Plan to ensure its compliance with all applicable tax
12 | regulations and other requirements, (3) accurately reporting the Plan's activities to
13 | the appropriate regulatory authorities, and (4) fully accounting for the Plan's assets
14 | to all interested parties, including the Plan's beneficiaries, and for proper payment of
15 | benefits to participants *inter alia*.

16 | 65.     As a result of the operational defects that arose from Fischer's failure to
17 | manage and administer the Plan in accordance with ERISA, Plaintiff, the Company
18 | and the Plan have advanced significant legal fees and other correction expenses on
19 | behalf of the Plan in an effort to remedy the problems caused by this malfeasance.
20 | The Company seeks to recover these expenses from Fischer.  Most of the fees and
21 | expenses sought are properly expenses of the Plan itself.

22 | Third Claim for Negligence against Defendant ACI
23 | under 28 U.S.C. §1367(a)

24 | 66.     Plaintiff hereby incorporates the allegations included in paragraphs 1
25 | through 47.

26 | 67.     Plaintiff is informed and believes and on that basis alleges that at all
27 | times relevant to this dispute, ACI was obligated by virtue of its status as the

28 |

-16-

1  contract administrator of the Plan to exercise due care and reasonable diligence

2  providing services for the administration of the Plan, including preparation and

3  maintenance of the Plan's documents, records, and data.

4      68.    Plaintiff is informed and believes and on that basis alleges that ACI

5  breached its duties of due care and reasonable diligence.  More specifically, Plaintiff

6  is informed and believes and on that basis alleges that ACI maintained incomplete

7  records, prepared and filed erroneous information returns with the IRS that could

8  cause unreported tax liabilities for the Plan and other potential adverse

9  consequences.

10      69.    As a direct result and proximate result of ACI's failure to exercise due

11  care and reasonable diligence, Plaintiff, the Company and the Plan have suffered

12  damages in an amount to be proven at trial, in excess of the minimum jurisdictional

13  limit of this Court, plus interest on those damages at the maximum legal rate.

14

15                 Fourth Claim for Negligence against Defendant Cross

16                        under 28 U.S.C. §1367(a)

17      70.    Plaintiff hereby incorporates the allegations included in paragraphs 1

18  through 47.

19      71.    Plaintiff is informed and believes and on that basis alleges that at all

20  times relevant to this dispute, Cross was obligated by virtue of its status as the

21  contract administrator of the Plan to exercise due care and reasonable diligence

22  providing services for the administration of the Plan, including preparation and

23  maintenance of the Plan's documents, records, and data.

24      72.    Plaintiff is informed and believes and on that basis alleges that Cross

25  breached its duties of due care and reasonable diligence.  More specifically, Plaintiff

26  is informed and believes and on that basis alleges that Cross maintained incomplete

27  records, prepared and filed erroneous information returns with the IRS that could

28

-17-

1  cause unreported tax liabilities for the Plan and other potential adverse

2  consequences.

3        73.    As a direct result and proximate result of Cross's failure to exercise due

4  care and reasonable diligence, Plaintiff, the Company and the Plan have suffered

5  damages in an amount to be proven at trial, in excess of the minimum jurisdictional

6  limit of this Court, plus interest on those damages at the maximum legal rate.

7

8              Fifth Claim for Breach of Contract against

9              Defendant ACI under 28 U.S.C. §1367(a)

10       74.    Plaintiff hereby incorporates the allegations included in paragraphs 1

11  through 47.

12       75.    ACI agreed to provide and did provide third party administration

13  services to the Plan.  ACI breached its obligations under the agreement by, among

14  other things, preparing defective Plan documents and otherwise failing to perform

15  the services standard in his industry.

16       76.    As a direct result and proximate result of ACI's breach of its

17  contractual obligations, Plaintiff, the Company and the Plan have suffered damages

18  in an amount to be proven at trial, in excess of the minimum jurisdictional limit of

19  this Court, plus interest on those damages at the maximum legal rate.

20

21             Sixth Claim for Breach of Contract against

22             Defendant Cross under 28 U.S.C. §1367(a)

23       77.    Plaintiff hereby incorporates the allegations included in paragraphs 1

24  through 47.

25       78.    Cross agreed to provide and did provide third party administration

26  services to the Plan.  Cross breached its obligations under the agreement by, among

27

28                                   -18-

1    other things, preparing defective Plan documents and otherwise failing to perform

2    the services standard in his industry.

3        79.    As a direct result and proximate result of Cross's breach of its

4    contractual obligations, Plaintiff, the Company and the Plan have suffered damages

5    in an amount to be proven at trial, in excess of the minimum jurisdictional limit of

6    this Court, plus interest on those damages at the maximum legal rate.

7

8            Seventh Claim For Fraud—Concealment and Suppression

9                [Against Defendants Fischer and Bolstad]

10       80.    Plaintiff hereby incorporates the allegations included in paragraphs 1

11   through 47 and paragraphs 49 through 65.

12       81.    At all times relevant to this dispute, Fischer and Bolstad were obligated

13   and duty-bound to make full and fair disclosure to the Company and the Plan of all

14   material facts concerning the Plan's affairs, assets, accounting records, and other

15   documents.

16       82.    Moreover, at all times relevant to this dispute, Fischer and Bolstad were

17   obligated and duty bound to make full and fair disclosure to Plaintiff as a Plan

18   participant of all material facts concerning his interest in the Plan.

19       83.    Plaintiff is informed and believes and on that basis alleges that at all

20   times relevant to this dispute, Fischer and Bolstad suppressed, concealed, and failed

21   fully and fairly to disclose to the Company, the Plan, and to Plan participants,

22   including but not limited to Plaintiff in his capacity as Plan participant, certain

23   material facts, information, and documentation concerning the Plan's affairs, assets,

24   accounting records, and other documents, as alleged more specifically in paragraphs

25   30 through 47, *supra.*.

26       84.    In addition, Plaintiff is informed and believes and as heretofore alleged,

27   Fischer and Bolstad failed to properly maintain accounting records and other

28

-19-

1   documentation demonstrating their above-described intentional wrongdoing and

2   gross negligence, and consistently and repeatedly concealed, suppressed, and

3   refused to provide such records and documentation of their acts and omissions when

4   asked to do so by Plaintiffs.

5         85.   Moreover, Plaintiff is informed and believes and on that basis alleges

6   that Defendants Bolstad and Fischer failed to disclose that the United States

7   Department of Labor was conducting and is continuing to conduct an investigation

8   of issues relating to the Plan, which exposes the Plan, the Company and the

9   participants to potential future damages.

10         86.   Plaintiff is further informed and believes and on that basis alleges that

11   Defendants Bolstad and Fischer failed to disclose that the Plan was underfunded,

12   which exposes the Plan, the Company and the participants to potential future

13   damages.

14         87.   Due to the above-described concealment and suppression by Fischer

15   and Bolstad of the nature and extent of their intentional wrongdoing and gross

16   negligence, Plaintiff currently has limited knowledge and understanding of the

17   scope and potential consequences of all of the Defendants' acts and omissions.

18         88.   Therefore, Plaintiff reserves his right, upon further investigation and

19   discovery, to amend his complaint to allege the true nature and extent of Fischer and

20   Bolstad's suppression and concealment with regard to the Plan's affairs, assets,

21   accounting records, and other documents.

22         89.   As a direct and proximate result of Fischer's and Bolstad's

23   concealment and suppression of, and failure fully and fairly to disclose, the above-

24   described material facts, information, and documentation, Plaintiff, as participant,

25   shareholder and Trustee for the Plan, has suffered damages in as-yet unascertained

26   amounts, to be proven at trial, which exceed the minimum jurisdictional limit of this

27   court.

28

COMPLAINT FOR BREACHES OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME
SECURITY ACT ("ERISA "), 29 U.S.C. §1001, etc, et al

Eighth Claim For Fraud—Concealment and Suppression

[by Plaintiff as Shareholder of Company Against Defendants Fischer and Bolstad]

90.     Plaintiff hereby incorporates the allegations included in paragraphs 1 through 47, paragraphs 49 through 65, and paragraphs 81 through 89.

91.     At all times relevant to this dispute, Fischer and Bolstad were obligated and duty-bound to make full and fair disclosure to Plaintiff, as one of the two shareholders of the Company, of all material facts concerning the Plan's affairs, assets, accounting records, and other documents, as those facts impacted upon Plaintiff's rights as a shareholder of the corporation.

92.     Plaintiff is informed and believes and on that basis alleges that Defendants Bolstad and Fischer, by failing to disclose that the United States Department of Labor was conducting and is continuing to conduct an investigation of issues relating to the Plan, which exposes the Plan, the Company and the participants to potential future damages, and by failing to disclose to Plaintiff that the Plan was underfunded, Plaintiff's ownership interest and the value of his stock shares in the Company have been dramatically decreased.

93.     Further, Plaintiff alleges that when he inquired of Defendants Fischer and Bolstad as to the status of the Plan and other issues pertaining thereto, Defendants Fischer and Bolstad concealed the true facts, and advised him that everything was fine.

94.     Plaintiff reasonably relied upon the conduct and representations of Defendants Fischer and Bolstad to his detriment.

95.     As a direct and proximate result of Fischer's and Bolstad's concealment and suppression of, and failure fully and fairly to disclose, the above-described material facts, information, and documentation, Plaintiff, as a shareholder

1   of the Company, has suffered damages in as-yet unascertained amounts, to be

2   proven at trial, which exceed the minimum jurisdictional limit of this court.

3        96.    Pursuant to California law, as a further proximate result, Plaintiff is

4   entitled to punitive and exemplary damages resulting from said conduct pursuant to

5   Civil Code Section 3294.

6

7              Ninth Claim For Breach of Fiduciary Duty

8   [by Plaintiff as Shareholder of Company Against Defendants Fischer and

9                           Bolstad]

10

11       97.    Plaintiff hereby incorporates the allegations included in paragraphs 1

12  through 47, paragraphs 49 through 65, paragraphs 81 through 89, paragraphs 91

13  through 96.

14       98.    At all times relevant to this dispute, Defendant Fischer as an officer and

15  thus agent of the Company, and Defendant Bolstad, as an officer and shareholder of

16  the Company, were obligated and duty-bound to make full and fair disclosure to

17  Plaintiff, as one of the two shareholders and thus principals of the Company, of all

18  material facts concerning the Plan's affairs, assets, accounting records, and other

19  documents, as those facts impacted upon Plaintiff's rights as a shareholder of the

20  corporation.

21       99.    Plaintiff is informed and believes and on that basis alleges that

22  Defendants Bolstad and Fischer, by failing to disclose that the United States

23  Department of Labor was conducting and is continuing to conduct an investigation

24  of issues relating to the Plan, which exposes the Plan, the Company and the

25  participants to potential future damages, by failing to disclose to Plaintiff that the

26  Plan was underfunded, Plaintiff's ownership interest and the value of his stock

27  shares in the Company have been dramatically decreased, and by failing to operate

28

-22-

1  and maintain the Plan pursuant to their duties and obligations as Administrator

2  (Defendant Fischer), and Trustee (Defendant Bolstad).

3      100.   Further, Plaintiff alleges that when he inquired of Defendants Fischer

4  and Bolstad as to the status of the Plan and other issues pertaining thereto,

5  Defendants Fischer and Bolstad concealed the true facts, and advised him that

6  everything was fine.  Defendants Fischer and Bolstad owed Plaintiff a duty of full

7  and complete disclosure of issues material to the operation of the Company.

8      101.   Plaintiff reasonably relied upon the conduct and representations of

9  Defendants Fischer and Bolstad to his detriment.

10     102.   As a direct and proximate result of Fischer's and Bolstad's

11  concealment and suppression of, and failure fully and fairly to disclose, they

12  breached their fiduciary duties.

13     103.   The above-described material facts, information, and documentation,

14  Plaintiff, as shareholder of the Company, has suffered damages in as-yet

15  unascertained amounts, to be proven at trial, which exceed the minimum

16  jurisdictional limit of this court.

17     104.   Pursuant to California law, as a further proximate result, Plaintiff is

18  entitled to punitive and exemplary damages resulting from said conduct pursuant to

19  Civil Code Section 3294.

20

21                   REQUEST FOR RELIEF

22  Plaintiff hereby requests the following relief:

23      (a)   An order removing Defendant Bolstad as the Trustee of the Plan

24  and appointing Nicholas Saakvitne, Esq. as an independent Trustee to assume and

25  carry out all fiduciary obligations for the Plan;

26      (b)   An order approving Plaintiff's voluntary withdrawal as Trustee

27  of the Plan following the issuance of the order removing Defendant Bolstad as the

28

1   Trustee of the Plan and appointing Nicholas Saakvitne, Esq. as an independent

2   Trustee to assume and carry out all fiduciary obligations for the Plan;

3            (c)      An order requiring Defendant Bolstad and Defendant Fischer

4   personally, jointly and severally, to make the Plan whole to the extent not otherwise

5   achieved, including any future, but presently unknown losses to the Plan arising out

6   of their tenure as Trustee and Plan Administrator, respectively;

7            (d)      An order under California law against awarding damages for

8   Defendant Bolstad's fraud, concealment, and/or breach of fiduciary duty, as pleaded

9   in the eighth and ninth causes of action, *supra*;

10           (e)      An order under California law against awarding damages for

11  Defendant Fisher's fraud, concealment, and/or breach of fiduciary duty, as pleaded

12  in the eighth and ninth causes of action, *supra*;

13           (f)      An order under California law awarding damages for ACI's

14  negligence and breach of contract;

15           (g)      An order under California law awarding damages for Cross's

16  negligence and breach of contract;

17           (h)      An order for attorneys' fees and costs under ERISA, 29 U.S.C.

18  §1132 (f);

19           (i)      For damages according to proof;

20           (j)      For punitive and exemplary damages, according to proof;

21           (k)      For such further order as the court deems appropriate.

22

23                           REBECCA MOCCIARO
                             FARMER & RIDLEY LLP

24

25

26           By:   *RBMocciaro*
                   _____
27                 Rebecca Mocciaro
                   Mail: rmocciaro@f-rlaw.com
                   Attorneys for Plaintiff
28
                                   -24-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV10- 4655 JHN (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Rebecca B. Mocciaro, CASBN 89777
Farmer & Ridley LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Frank L. Rudy, as an individual, and on behalf of Western Mixers, Inc., and as a Trustee of the Western Mixers, Inc. Money Purchase Pension Plan representing the interest of all Plan Participants and in individual capacity as Shareholder PLAINTIFF(S)
v.

David Bolstad, an individual; Robert J. Fischer, an individual; Actuarial Consultants, Inc. a corporation; and Jack A. Cross & Associates, Inc. a corporation
DEFENDANT(S).

CASE NUMBER

CV10 4655-JHN(PLWx)

**SUMMONS**

TO:   DEFENDANT(S): David Bolstad, and individual; Robert J. Fischer, an individual; Actuarial Consultants, Inc. a corporation; and Jack A. Cross & Associates, Inc. a corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Rebecca B. Mocciaro_____, whose address is __Farmer & Ridley LLP, 555 S. Flower St., Ste. 2700, Los Angeles, CA 90071_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __**2 3 JUN 2010**_____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Frank Rudy, as an individual and on behalf of Western Mixers, Inc. and as a Trustee of the Western Mixers, Inc. Money Purchase Pension Plan representing the interest of all Plan Participants, and in his individual capacity a shareholder

**DEFENDANTS**

David Bolstad, an individual; Robert J. Fischer, an individual; Actuarial Consultants, Inc. a corporation; and Jack A. Cross & Associates, Inc. a corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Rebecca B. Mocciaro (213) 626-0291
Farmer & Ridley LLP
555 S. Flower Street, Suite 2700

**Attorneys** (If Known)

---

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV10 4655

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
yes, list case number(s): _____

III(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

'heck all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

X. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

:c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Rebecca Mosciano*    Date *June 18, 2010*

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |