MARY K. ALEJANDRO
Acting Regional Solicitor
DANIELLE L. JABERG (CSBN 256653)
Counsel for ERISA
**Andrew J. Schultz (CSBN 237231)**
**Trial Attorney**
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Direct: (415) 625-7745
Facsimile: (415) 625-7772
Email: schultz.andrew@dol.gov

Attorneys for Plaintiff
United States Department of Labor

JS-6
both cases

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK L. RUDY**, as an individual, and in his individual capacity as a shareholder of Western Mixers, Inc., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>**DAVID BOLSTAD**, an individual; **ROBERT J. FISHER**, an individual, <br><br>　　　　　Defendants. <br>_____ <br>**HILDA L. SOLIS,** <br>　　Secretary of Labor, <br>　　United States Department of Labor, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>**FRANK L. RUDY, DAVID H. BOLSTAD, ROBERT J. FISCHER, WESTERN MIXERS, INC., WESTERN MIXERS INC. MONEY PURCHASE PENSION PLAN,** <br><br>　　　　　Defendants | **Case No. 2:10-cv-04655-JHN-PJWx** <br><br>**Consolidated with:** <br><br>**2:11-cv-07220-JHN -PJWx** <br><br><br>CONSENT JUDGMENT AND ORDER BETWEEN THE PLAINTIFF SECRETARY OF LABOR AND DEFENDANTS FRANK L. RUDY, DAVID H. BOLSTAD, ROBERT J. FISCHER, WESTERN MIXERS, INC., and the WESTERN MIXERS, INC. MONEY PURCHASE PENSION PLAN |

**CONSENT JUDGMENT & ORDER**　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 9

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to her authority under Sections 502(a)(2) and (5) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants FRANK L. RUDY, DAVID H. BOLSTAD, ROBERT J. FISCHER, WESTERN MIXERS, INC. ("the Company"), and the WESTERN MIXERS INC. MONEY PURCHASE PENSION PLAN ("the Plan").

A. The Secretary, the Company, Rudy, Bolstad, Fischer, and the Plan (collectively, the "Parties") admit that the Court has jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court for the Central District of California pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

B. The Parties agree to the entry of this Consent Judgment and Order. The Parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint.

IT IS HEREBY **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judgment is hereby entered against Defendants Rudy, Bolstad, Fischer and Company in the amount of $802,901.07 ("Amount Due").

2. Within 10 days of entry of this Consent Judgment and Order, Defendants Rudy, Bolstad and Fischer shall restore the Amount Due to the Plan as described in Paragraphs 4-7, below.

3. Following restoration of the Amount Due as described in Paragraphs 4-7, below, the Independent Fiduciary appointed under this Consent Judgment and Order shall distribute all of the Plan's assets, $1,795,391.63, to the participants in the amounts designated on Exhibit A attached to this Consent Judgment and Order.

4. The governing Plan documents are hereby amended to allow for the offset of a participant's Plan benefits against an amount that the participant is required to pay as a result of this Consent Judgment and Order.

5. Defendant Rudy shall restore to the Plan $20,000.00. Pursuant to ERISA Section 206(d)(4), 29 U.S.C. § 1056(d)(4), Defendant Rudy shall restore such amount by forfeiting $20,000.00 of his Plan account balance. In so forfeiting, Defendant Rudy waives any further allocations into his Plan account and agrees that this sum offset from his Plan Account shall be reallocated to the participants listed on Exhibit A to this Consent Judgment and Order in order to satisfy Paragraphs 1 and 2 of this Consent Judgment and Order.

6. Defendant Bolstad shall restore to the Plan $630,678.15. Pursuant to ERISA Section 206(d)(4) of ERISA, 29 U.S.C. § 1056(d)(4), Defendant Bolstad shall restore such amount by forfeiting his entire Plan account balance in the amount of $508,161.75 and, within 10 days of the entry of this Consent Judgment and Order, by separately paying to the Plan the sum of $122,516.40. In so forfeiting, Defendant Bolstad waives any further allocations into his Plan account and agrees that this sum offset from his Plan account shall be reallocated to the participants listed on Exhibit A to this Consent Judgment and Order in order to satisfy Paragraphs 1 and 2 of this Consent Judgment and Order. Should Defendant Bolstad fail to timely separately pay the Plan $122,516.40, the outstanding amount shall become immediately due and payable. Interest shall accrue on the outstanding amount at the rate set forth in 26 U.S.C. § 6621 until such time as the entire outstanding amount plus any applicable interest is restored.

7. Defendant Fischer shall restore to the Plan $152,222.92. Pursuant to ERISA Section 206(d)(4), 29 U.S.C. § 1056(d)(4), Defendant Fischer shall restore such amount by forfeiting his entire Plan account balance in the amount of $152,222.92. In so forfeiting, Defendant Fischer waives any further allocations into his Plan account and agrees that this sum offset from his Plan account shall be reallocated to the participants listed on

Exhibit A to this Consent Judgment and Order in order to satisfy Paragraphs 1 and 2 of this Consent Judgment and Order.

8. The spouses of Defendants Rudy, Bolstad and Fischer have consented to the offset of Defendants' Plan account balances ordered in Paragraphs 5 through 7 of this Consent Judgment and Order, as evidenced by the spousal consent forms submitted by the parties contemporaneously with the filing of this Consent Judgment and Order ("Waiver of Benefits and Spousal Consent Form").

9. Defendants Rudy, Bolstad and Fischer are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

10. Defendants Rudy, Bolstad and Fischer are hereby permanently enjoined from serving as fiduciaries to any employee benefit plan governed by ERISA.

11. Nicholas L. Saakvitne, of 532 Colorado Avenue, 2nd Floor, Santa Monica, California, 90401, Phone Number 310-451-3225, shall be, and hereby is, appointed Independent Fiduciary of the Plan who:

    a. Will be responsible for collecting, marshalling, paying out, and administering Plan assets, in accordance with the distribution schedule shown in Exhibit A, which lists the exact balances due to each participant, and taking further action with respect to the Plan as appropriate, and, if necessary, terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries;

    b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, must exercise reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets;

    c. Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing a final Form 5500;

      d. Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed including attorneys, accountants, actuaries and other service providers;

      e. Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

      f. Shall have the authority to give instructions respecting the disposition of assets of the Plan;

      g. Shall comply with all applicable rules and laws;

      h. Shall be entitled to reasonable compensation, fees and expenses, paid by Defendant Western Mixers, Inc.  Defendant Western Mixers, Inc. shall pay such reasonable compensation, fees and expenses within 30 days of receiving an invoice from the Independent Fiduciary.  Assets of the Plan shall not be used to satisfy this obligation.

12. Within 10 days of the entry of this Consent Judgment and Order, the Independent Fiduciary shall take all steps necessary to complete the offsets ordered in Paragraphs 5 through 7 of this Consent Judgment and Order.

13. The Independent Fiduciary shall provide evidence of payment of the Amount Due to the Secretary within twenty (20) calendar days of said payment.

14. Upon Defendants' restoration of the Amount Due, Defendants Rudy, Bolstad and Fischer shall be assessed a penalty under Section 502(l) of ERISA, 29 U.S.C. § 1132(l), in the amount of 20 percent of the applicable recovery amount, or $4,000.00 for Defendant Rudy, $126,136.83 for Defendant Bolstad and $30,444.58 for Defendant Fischer ("Penalty Amounts").  Defendants Rudy, Bolstad and Fischer waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83.  Upon assessment, Defendants Rudy, Bolstad and Fischer shall submit immediate payment of the Penalty Amount to the address listed in this Paragraph unless any such Defendant files a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the

Secretary agrees to waive or reduce the penalty.  Defendants Rudy, Bolstad and Fischer may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.  Defendants Rudy, Bolstad and Fischer shall pay the Penalty Amount to the United States Department of Labor, by sending a certified or cashiers check payable to the United States Department of Labor (please write EBSA Case No. 72-031855(48) on the check) at the following address:

> U.S. Department of Labor
> ERISA -- Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360

15.   Wherever submission to the Secretary is required under the terms of this Consent Judgment and Order, such submission shall be made to:

> Regional Director
> Employee Benefits Security Administration
> United States Department of Labor
> 1055 E. Colorado Blvd., Ste 200
> Pasadena, CA 91106-2357

16.   Following the appointment of the Independent Fiduciary identified in Paragraph 11 of this Consent Judgment and Order, Defendant Company is hereby removed as Plan Administrator and as fiduciary to the Plan.

17.   Following the appointment of the Independent Fiduciary identified in Paragraph 11 of this Consent Judgment and Order, Defendants Rudy and Bolstad are hereby removed as Plan Trustee and as fiduciary to the Plan.

18.   Defendants Company, Rudy, Bolstad and Fischer shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information that Defendants may have relevant to the Plan's administration and management.

19.   Defendants Company, Rudy, Bolstad and Fischer shall instruct the Plan's current third party administrator, custodian, and any other Plan service provider to cooperate

1 | with the Independent Fiduciary, and shall serve a copy of this Consent Judgment and
2 | Order on said persons.
3 | 20.   The Secretary and Defendants shall each bear their own costs, expenses, and at-
4 | torney's fees incurred to date in connection with any stage of this proceeding, including
5 | but not limited to attorney's fees which may be available under the Equal Access to Jus-
6 | tice Act, as amended.
7 | 21.   Defendants expressly waive any and all claims of any nature which they have or
8 | may have against the Secretary, the United States Department of Labor, or any of its of-
9 | ficers, agents, attorneys, employees, or representatives, arising out of or in connection
10 | with the allegations contained in the Complaint on file in this action, or any other pro-
11 | ceedings or investigation incident thereto or based on the Equal Access to Justice Act, as
12 | amended.
13 | 22.   Nothing in this Consent Judgment and Order is binding on any governmental
14 | agency other than the United States Department of Labor, Employee Benefits Security
15 | Administration.
16 | 23.   This Court retains jurisdiction of this action for purposes of enforcing compliance
17 | with the terms of this Consent Judgment and Order.
18 | 24.   By signing their names to this Consent Judgment and Order, the parties represent
19 | that they are informed and understand the effect and purpose of this Consent Judgment
20 | and Order.
21 |
22 | The Court directs the entry of this Consent Judgment and Order as a final order.
23 |
24 |      IT IS SO **ORDERED, ADJUDGED,** and **DECREED.**
25 |
26 |      Dated: May 01, 2012        _____
27 |                                  Jacqueline H. Nguyen
                                     United States District Judge
28 |

Entry of this Consent Judgment and Order is hereby consented to:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

Dated: May 1, 2012
*/s/ Andrew J. Schultz*
ANDREW J. SCHULTZ
Trial Attorney
Attorneys for Plaintiff

Defendants consent to the entry of this Consent Judgment and Order:

Dated: March 23, 2012
*/s/ David H. Bolstad*
DAVID H. BOLSTAD,
Individually and on behalf of Defendant the Western Mixers, Inc. Money Purchase Pension Plan

Dated: March 29, 2012
*/s/ David H. Bolstad*
DAVID H. BOLSTAD,
on behalf of Defendant WESTERN MIXERS, INC.

Dated: April 23, 2012
*/s/ Frank L. Rudy*
FRANK L. RUDY
Defendant

Dated: March 26, 2012
*/s/ Robert J. Fischer*
ROBERT J. FISCHER
Defendant

**EXHIBIT A**
**TO CONSENT JUDGMENT**

| Participant Name | Final Balances |
|---|---:|
| Bolstad, David H | $ 0.00 |
| Bolstad, David H Jr | 55,219.82 |
| Bolstad, Kristin | 44,935.04 |
| Bolstad, Michelle | 5,602.29 |
| Bolstad, Stephen R. | 31,743.34 |
| Calvano, Peter | 87,174.22 |
| Conlon, Mark | 43,508.09 |
| Espinosa, Margarito M | 32,791.39 |
| Fischer, Robert J | 0.00 |
| Foster, Jeffrey | 75,532.10 |
| Goldman, Burt | 69,434.83 |
| Grinstead, Leslie | 129,036.70 |
| Juarez, Hugo | 23,474.44 |
| Koga, Dick | 352,347.80 |
| Osborne, Greg | 35,041.13 |
| Quintanilla, Melvin W | 6,675.21 |
| Rudy, Frank L | 292,673.06 |
| Rudy, Mark F | 114,705.25 |
| Vasquez, Marcelino | 39,265.59 |
| Villescas, Absalom | 14,403.65 |
| Akahoshi, Greg | 4,693.93 |
| Bolstad, William C | 264,174.02 |
| Garcia, Radames | 191.39 |
| Hernandez, Luciano | 4,902.72 |
| Hernandez, Walter | 120.02 |
| Minguela Vasquez, J. C. | 4,579.60 |
| Munoz, Antonio | 2,447.61 |
| Nader Margaret | 10,469.77 |
| Patruno, Luke Sr | 13,736.45 |
| Peraza, Jose | 7,437.70 |
| Quiroz, Constantino A | 2,379.61 |
| Ramos, Carlos | 2,197.30 |
| Salinas, Herminio | 3,299.54 |
| Torres, Manilo | 526.73 |
| Vasquez, Jose G | 6,829.02 |
| Vega, Macario | 1,711.43 |
| Vela, Reyshell | 12,130.84 |
| **Total** | **$ 1,795,391.63** |