OFFICE OF ROBERT SAINBURG, Attorneys
Robert Sainburg [State Bar Number 157707]
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
Telephone: (818) 550-5001
Facsimile: (818) 550-5008
Firm e-mail: sainburglaw@sbcglobal.net

Attorneys for: Defendant ROBERT J. FISCHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANK L. RUDY, as an individual, and in his individual capacity as a shareholder of Western Mixers, Inc.,

Plaintiff,

vs.

DAVID BOLSTAD, an individual; ROBERT FISCHER, an individual,

Defendants.

---

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

Plaintiff,

vs.

FRANK L. RUDY, DAVID H. BOLSTAD, ROBERT J. FISCHER, WESTERN MIXERS, INC., WESTERN MIXERS INC. MONEY PURCHASE PENSION PLAN,

Defendants.

---

Case No. 2:10-cv04655JHN-PJWx
c/w 2:11-cv-07220-JHN-PJWx

DEFENDANT ROBERT J. FISHER'S EXHIBITS 1 THROUGH 18 IN SUPPORT OF MOTION TO SET ASIDE CONSENT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

Action filed: June 23, 2010
Trial date: Post-Judgment

Judge: Hon. Jacqueline H. Nguyen
Ctrm: 790

DATE: December 10, 2012
TIME: 10:00 a.m.
PLACE: Courtroom 790

1

Defendant Robert J. Fisher's Exhibits 1 Through 18 in Support of
Motion to Set Aside Consent Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)

1

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 2, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

This firm has been contacted by your client, Robert J. Fischer concerning several issues which concern the above-referenced lawsuit. We are reviewing several matters for Mr. Fischer and this communication arises out of this review. We do not represent Mr. Fischer concerning the above-referenced matter as attorney of record and we understand that you do. We are not fully familiar with the above-referenced matter yet but there are exigencies that require your immediate attention.

Mr. Fischer is informed (reportedly by you) that the Consent Judgment has not been entered. Mr. Fischer reports that you advise that something is being awaited from the Department of Labor. Mr. Fischer specifically reports that at no time has he been provided a copy of a filed final judgment, nor any verbal or written notice of entry. My review of Pacer suggests that on May 1, 2012 the Consent Judgment was filed and that this case has been terminated.

Mr. Fischer is seriously ill, as I am informed that you are aware, and was seriously ill at the time of entry of this settlement and further, was desperate not to lose his employment with Western Mixers, Inc. Mr. Fischer does not understand why his pension is being taken from him and used to fund the company's and its shareholders' non-compliant obligations to the employees of the company. I do not understand either. Time is obviously of the essence and steps must be taken to have this Judgment set aside unless immediate understanding is had as to why it is in your client's interest for it to remain.

---

To the extent that I am correctly understanding this, could you please explain what you can do to have this Consent Judgment set aside? Mr. Fischer does not agree with the entry of the Consent Judgment. Mr. Fischer reports that he has not heard from you since the e-mail of June 20th when reportedly you said you would be copying your response regarding Mr. Fischer's hardship request with the Department of Labor for the penalties. Could you send or re-send that response to either Mr. Fischer or our firm?

Since reportedly you stated that David Bolstad told you that he would no longer pay your billings regarding Mr. Fischer, could you please send to Mr. Fischer, or our firm, a copy of the charging pleadings, and any other pertinent documents for our immediate review. Mr. Fischer no longer has access to his work account although he remains chief financial officer.

Also, and I mean this respectfully, please provide the means by which Mr. Fischer can retract his "consent" and his wife's "consent" to the Consent Judgment and please do what is needed to stop it from being entered, or to have it vacated. Alternatively, to Mr. Fischer's immediate satisfaction, please advise him, and/or the undersigned, why you vigorously recommended that he sign this settlement and were reportedly very angry when he raised this issue with you prior to seeking legal assistance.

Mr. Fischer is in very ill health and his fear of loss of employment contributed to his accepting your recommendation. He does not understand the benefit of this settlement to him. He does not understand why he is being asked to give up his pension plan (of low six figures), that he has worked hard for and now depends upon, for the purpose apparently to help the company or the shareholders (of which is not a member). All other parties received economic benefits from this agreement. Mr. Fischer appears to not have received any.

Mr. Fischer recognizes that the company was paying your legal fees, but he correctly believes that he should have your unfettered loyalty. Please also kindly forward all engagement agreements, informed consents concerning conflicts of interests, and ethically required advisements when a third party pays one's attorneys fees.

If the judgment has been entered, please take what steps are necessary to have it set aside and then, after Mr. Fischer understands why he should accept this agreement, it can be revisited. I know I am being repetitive but this is paramount and must occur immediately.

---

Would you please provide Mr. Fischer your response tomorrow?

Meanwhile, I look forward to working with you to a peaceful resolution. Happy Fourth of July.

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

cc: file/communications

C:\rs\cases\598100 Fischer, Robert - Western Mixers\Communications\070212tl-F.wpd

* * * Communication Result Report ( Jul. 2. 2012 5:15PM ) * * *

1)
2)

Date/Time: Jul. 2. 2012 5:14PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4576 | Memory TX Admin | 16269748403 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 2, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

This firm has been contacted by your client, Robert J. Fischer concerning several issues which concern the above-referenced lawsuit. We are reviewing several matters for Mr. Fischer and this communication arises out of this review. We do not represent Mr. Fischer concerning the above-referenced matter as attorney of record and we understand that you do. We are not fully familiar with the above-referenced matter yet but there are exigencies that require your immediate attention.

Mr. Fischer is informed (reportedly by you) that the Consent Judgment has not been entered. Mr. Fischer reports that you advise that something is being awaited from the Department of Labor. Mr. Fischer specifically reports that at no time has he been provided a copy of a filed final judgment, nor any verbal or written notice of entry. My review of Pacer suggests that on May 1, 2012 the Consent Judgment was filed and that this case has been terminated.

Mr. Fischer is seriously ill, as I am informed that you are aware, and was seriously ill at the time of entry of this settlement and further, was desperate not to lose his employment with Western Mixers, Inc. Mr. Fischer does not understand why his pension is being taken from him and used to fund the company's and its shareholders' non-compliant obligations to the employees of the company. I do not understand either. Time is obviously of the essence and steps must be taken to have this Judgment set aside unless immediate understanding is had as to why it is in your client's interest for it to remain.

2

**Robert Sainburg**

**From:** Tami Kay Lee <tkl@pksllp.com>
**Sent:** Tuesday, July 03, 2012 1:51 PM
**To:** sainburglaw@sbcglobal.net
**Cc:** davidb@westernmixers.com; Desiree Marquez; Waddles, Nicholas
**Subject:** Rudy v. Bolstad/Fischer; SAF.493
**Attachments:** ORDER re Consent Judgment_ECF134.pdf; Executed Settlement Agreement.pdf

Dear Mr. Sainburg,

We are in receipt of your faxed correspondence dated July 2, 2012. As a preliminary matter, we believe you may have been misinformed regarding the status of the Rudy action (consolidated with the DOL complaint), and/or are operating on incomplete information.

The entire Rudy/DOL matter has now been fully closed by the Federal Court as you referenced in your letter. We never told Mr. Fischer otherwise. As you may know, the DOL does not file any dismissals because the Consent Judgment has been ordered and decreed as a final judgment of the Court on May 1, 2012 (please see attached). Mr. Fischer is in possession of all closing documents since he had an opportunity to review the global settlement agreement, make his own changes, and sign same. We were not in a position to alter the prior and subsequent negotiation efforts relating to the Consent Judgment since we had no involvement in same. Mr. Fischer was fully involved with the negotiations before he had his stroke in September 2011 and was fully aware of the terms, conditions, and exposure relating to same even before the DOL finally filed its pawn complaint in August 2011.

Our retention (pursuant to our retainer agreement) was strictly limited to handling the litigation aspects of the DOL complaint when it was filed in conjunction with the pending Rudy complaint. This was also true for Rebecca Mocciaro who was Frank Rudy's counsel in his complaint against Fischer/Bolstad. Ms. Mocciaro acted as trial counsel alongside with me in the litigation, similar to how the EBSA has separate counsel from its DOL trial counsel. The negotiation of the Consent Judgment and global settlement agreement was handled by another office, Seyfarth Shaw.

Mr. Fischer was fully aware that we were retained and handled only the litigation defense aspects of the DOL complaint, and not the negotiation and consent judgment. This was necessarily so since---as stated--- the global agreement involved ongoing negotiations relating to a buy-out deal with Frank Rudy before our involvement which necessarily impacted the consent judgment agreement and numbers with the DOL. Also, at that time **Mr. Fischer made no expression to anyone whatsoever about his disagreement and objection with forfeiting his entire pension account balance as part of his obligation under the Consent Judgment before he signed same.** In fact, evidence show that Mr. Fischer wanted to resolve the DOL complaint as soon as possible and get on with his life, not to mention his desire to limit personal liability exposure under ERISA laws as a trustee-in-fact of the pension plan; he therefore expressly agreed to a zero balance of his pension account in order to resolve the DOL complaints against him.

Further, our obligations as counsel of record ceased on May 1, 2012 when the entire action was closed and/or dismissed (i.e. the Rudy action). Any follow up work for Mr. Fischer was a matter of courtesy for him relating to request for waiver of 502(l) penalties and which fees were paid for by Western Mixers. Mr. Fischer has been asking and we have explained a number of times that the matter has now fully resolved with finality and satisfaction of Judgment by Mr. Fischer based on his agreed upon and binding forfeit of his entire pension account balance.

We have been forced to withdraw from handling Mr. Fischer's remaining matter relating to communicating his financial status to the EBSA to petition waiver of the DOL's 502(l) penalties assessed against him as a defendant in the DOL complaint.  The DOL has alleged that Mr. Fischer breached various fiduciary duties relating to the Western Mixers Pension Plan.  Our forced withdrawal is due to discovery of recent information from David Bolstad regarding Western Mixers' investigation of missing checks, payable to and cashed by Mr. Fischer, in an amount currently in excess of $278,000.  I understand Western Mixers is still conducting its investigation and anticipates that the allegedly improperly written and cashed checks may reach a sum in excess of $562,000.

Again, our office was retained **only**  to handle the litigation defense aspects of the DOL complaint in conjunction with the complaint filed by Frank Rudy and had no involvement with the negotiation aspects of the Consent Judgment and global settlement agreement (attached) which began long before the DOL filed its complaint in August 2011, including whether Mr. Fischer should or should not agree to forfeiting his entire pension account balance in order to resolve the DOL complaint absent a verdict against him.

We hope the attached Consent Judgment including the global settlement agreement (which includes terms relating to Frank Rudy's buy-out deal) sheds some light and provides you information you need.  I left you a voicemail message. I will be in the office on Thursday July 5 to discuss further if you need.

Have a wonderfully July 4th.

Best,

Tami Kay Lee



www.pksllp.com
Los Angeles * San Diego
100 North Barranca Ave., 11th Floor
West Covina, California  91791

Phone:        626.373.2444
Facsimile:    626.974.8403
E-mail:        tkl@pksllp.com

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THIS MESSAGE IS A TRANSMISSION ERROR, GOING TO AN INCORRECT PARTY, PLEASE RETURN NOTICE TO THE SENDER AND DESTROY AND/OR DELETE THE RECEIVED COPY.  IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# 3

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

This letter responds to yours of recent.

We are informed that at no time prior has my client been informed of the filing of the consent judgment and signature by Court and that it was final. Any information that we have comes in bits and pieces because, as I am informed, my client receives information in that manner. Further, our firm has just been retained in this matter with its rather lengthy history.

Initially, we again request a copy of all engagement and ethically required documents pertaining to Mr. Fischer. As you know, and perhaps advised, Mr. Fischer has been excluded from access from his current employer's files. We would like all engagement, conflict, and payment by third person documents containing our client's signature and/or otherwise pertaining to Mr. Fischer.

It appears that you have selectively opted to share Mr. Fischer's communications with Mr. Bolstad and others, but not *visa versa*. Mr. Fischer, for example, has *never* heard, before your communication, that there was any accusation of embezzlement. What does seem expressly clear, is you are representing Mr. Bolstad's interests, and have been doing so since the start, and not Mr. Fischer's interests. This is further evident in the written statement that you have made to our client *purporting to withdraw from representation* of Mr. Fischer "pursuant to instructions by David Bolstad."

---

There simply is not time enough to explain to you what is wrong as it would be obvious to anybody looking at this, including any judicial officer, administrative review board, or lawyer. What is clear is that this consent judgment must be set aside and a motion must be filed promptly. You have the knowledge about this case. You should arrange for this to occur.

Further, you reference and/or delegate a "Nick Waddles" who I do not find in my Pacer searches as being attorney of record on any of these cases. Your statement that you do not settle cases, and the absence of your signature on the settlement agreement and Consent Judgment, is peculiar as you were the attorney of record. I do not see any Nick Waddles on any paperwork that I have before me.

Please direct your other client David Bolstad to cease and desist interference with my client's disability time and forcing him to work and asking for his resignation. Please direct your client, David Bolstad, to permit immediate access to the files and documents. Please provide us or your client, Mr. Fischer, with a copy of all communications that you have had with Mr. Bolstad and Mr. Rudy, including electronic communications, since the inception of your relationship with any of them.

The Consent Judgment provision making our client pay for the company's mistakes, despite your turning against Mr. Fischer, was and is unconscionable. This provision was not on the table during the negotiations and was strong armed through by you. This last minute surprise provision following my client's heart attack, was outrageous and concocted by Bolstad and Rudy, and the DOL. It used my client as pawn and threw him under the bus.

My client's life long employment in this company, with never a share owned by him, deserves more and a better response to life itself. My client is owed over $50,000 in his pension plan, not to mention the over $150,000 that is part of his current plan that you angrily recommended that he give to the company when he questioned it. He is owed a great deal more money for back wages. None of this includes attorney fees, costs, and damages.

My client is in ill health and his wife needs this pension plan. You must not allow this too happen. There are time limits for having the judgment set aside. Since even you say that you are the "litigation attorney" and you do not settle cases, which I find a questionable practice in ethics, law and professionalism, please file the motion or pay

---

outside counsel, with no conflict, to do so. Indeed, I will be doing so and I believe you are acting of questionable ethics in having accepted this case and having allowed this Consent Judgment to be filed.

The question is not your withdrawal and the damages to my client from it, but your having been on this case at all (and Waddles, if he had a part in it). You had an unwaivable conflict of interest of my client while representing his employer and the shareholders of the conflict. That is common sense.

We do not accept the scarecrow approach of pointing fingers to Waddles and him to you, as he has done. No, you are the attorney of record, and you cannot withdraw if it prejudices your client. We would like a copy of our client's file. Please advise when it can be delivered to our client's home.

I would expect that you would not leave Mr. Fischer dangling with the penalties issue. You are a professional Ms. Lee. You will be held responsible. So will be Mr. Bolstad and Western Mixers, Inc.

My client is a dying man and his wife needs this pension. My client has been stolen from, betrayed, and left pennyless by all of those he trusted. Now, you report that Mr. Bolstad says that he not only wants to keep my client's pension plan and not make the other $100,000 in unpaid compensation, but suddenly that my client has embezzled money from the company. We have a word for that.

That is where I come in to assist. Time is of the essence.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 5. 2012 2:50PM ) * * *

1)
2)

Date/Time: Jul. 5. 2012 2:47PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4581 | Memory TX 598100 | 16269748403 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

This letter responds to yours of recent.

We are informed that at no time prior has my client been informed of the filing of the consent judgment and signature by Court and that it was final. Any information that we have comes in bits and pieces because, as I am informed, my client receives information in that manner. Further, our firm has just been retained in this matter with its rather lengthy history.

Initially, we again request a copy of all engagement and ethically required documents pertaining to Mr. Fischer. As you know, and perhaps advised, Mr. Fischer has been excluded from access from his current employer's files. We would like all engagement, conflict, and payment by third person documents containing our client's signature and/or otherwise pertaining to Mr. Fischer.

It appears that you have selectively opted to share Mr. Fischer's communications with Mr. Bolstad and others, but not *visa versa*. Mr. Fischer, for example, has *never* heard, before your communication, that there was any accusation of embezzlement. What does seem expressly clear, is you are representing Mr. Bolstad's interests, and have been doing so since the start, and not Mr. Fischer's interests. This is further evident in the written statement that you have made to our client *purporting to withdraw from representation* of Mr. Fischer "pursuant to instructions by David Bolstad."

4

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

Please specifically state whether you represent Mr. Bolstad concerning any issues between he and Mr. Fischer. As you apparently have shared with Mr. Bolstad, Mr. Fischer's attorney-client communications, I am suggested that you do represent Mr. Bolstad, took these communications to mean that they were actually written to you as his representative, and not as the attorney for Mr. Fischer, and you are acting in the capacity to receive notices and communications on his behalf. However, this seems bizarre as well.

So, if not, please advise as to whether you are aware of any attorney that is representing Mr. Bolstad. In the absence of any response to this letter, we will assume that we may act directly with respect to Mr. Bolstad and that you will not be accepting serve on his behalf, and that all actions and communications concerning Mr. Bolstad, will not involve your firm.

Please forward to us all statements, billings, charges, and payments made for services rendered to Mr. Fischer, all engagement letters, ethical disclosures, and communications, as well as all communications with Mr. Bolstad, whether electronic or otherwise. I would assume that these will be part of the client file that we request to be delivered to our client's home by tomorrow. Otherwise, we will assume that you are not withdrawing and/or refusing to cooperate. If you insist on Mr. Fischer, in his health, coming to your office to pick up the files, please advise.

---

As Mr. Fischer had wanted peace, and not escalation, and because apparently this will not be the case, we must prepare this matter for Court, including legal malpractice claims against you, your firm, and if Waddles was responsible, Mr. Waddles, a motion to have the consent judgment set aside, and claims against the company, and its shareholders.

Time is of the essence.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 5. 2012 3:33PM ) * * *

1)
2)

Date/Time: Jul. 5. 2012 3:32PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4583 | Memory TX 598100 | 16269748403 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

Please specifically state whether you represent Mr. Bolstad concerning any issues between he and Mr. Fischer. As you apparently have shared with Mr. Bolstad, Mr. Fischer's attorney-client communications, I am suggested that you do represent Mr. Bolstad, took these communications to mean that they were actually written to you as his representative, and not as the attorney for Mr. Fischer, and you are acting in the capacity to receive notices and communications on his behalf. However, this seems bizarre as well.

So, if not, please advise as to whether you are aware of any attorney that is representing Mr. Bolstad. In the absence of any response to this letter, we will assume that we may act directly with respect to Mr. Bolstad and that you will not be accepting serve on his behalf, and that all actions and communications concerning Mr. Bolstad, will not involve your firm.

Please forward to us all statements, billings, charges, and payments made for services rendered to Mr. Fischer, all engagement letters, ethical disclosures, and communications, as well as all communications with Mr. Bolstad, whether electronic or otherwise. I would assume that these will be part of the client file that we request to be delivered to our client's home by tomorrow. Otherwise, we will assume that you are not withdrawing and/or refusing to cooperate. If you insist on Mr. Fischer, in his health, coming to your office to pick up the files, please advise.

5

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, Calfornia 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

This firm has been consulted by Robert J. Fischer concerning the above-referenced matter. Tami Kay Lee, P.K. Schrieffer LLP is attorney of record for Mr. Fischer in the above-referenced matter.

Ms. Lee reports that you are and were Mr. Fischer's attorney concerning this matter and that you and your firm undertook the responsibility for the settlement of the above-referenced matter on behalf of Mr. Fischer, culminating in the entry of a final consent judgment on May 1, 2012.

Please confirm or deny this fact. If Ms. Lee's disclaimer of responsibility for the consent judgment is correct, please forward to the undersigned all engagement documents, and engagement related documents concerning your legal representation and advocacy on behalf of Mr. Fischer, including conflict waiver forms, and payment by third persons forms. Please also make arrangements to have the client file delivered to Mr. Fischer's home. If correct (that you are and/or have been Mr. Fisher's attorney), we would like to have a complete accounting of all charges and payments made on his account for your services.

Thank you in advance. If you have never been and are not Mr. Fischer's attorney, please simply advise accordingly.

Nicholas J. Waddles
July 5, 2012
Page 2 of 2

---

Time is of the essence.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

P. 20

# 6

* * * Communication Result Report ( Jul. 5. 2012 3:35PM ) * * *

1)
2)

Date/Time: Jul. 5. 2012 3:21PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4582 | Memory TX 598100 | 13102826948 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 5, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

This firm has been consulted by Robert J. Fischer concerning the above-referenced matter. Tami Kay Lee, P.K. Schrieffer LLP is attorney of record for Mr. Fischer in the above-referenced matter.

Ms. Lee reports that you are and were Mr. Fischer's attorney concerning this matter and that you and your firm undertook the responsibility for the settlement of the above-referenced matter on behalf of Mr. Fischer, culminating in the entry of a final consent judgment on May 1, 2012.

Please confirm or deny this fact. If Ms. Lee's disclaimer of responsibility for the consent judgment is correct, please forward to the undersigned all engagement documents, and engagement related documents concerning your legal representation and advocacy on behalf of Mr. Fischer, including conflict waiver forms, and payment by third persons forms. Please also make arrangements to have the client file delivered to Mr. Fischer's home. If correct (that you are and/or have been Mr. Fisher's attorney), we would like to have a complete accounting of all charges and payments made on his account for your services.

Thank you in advance. If you have never been and are not Mr. Fischer's attorney, please simply advise accordingly.

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 6, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue, Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

Thank you for your telephone call yesterday. I agree that having a letter writing *campaign* or sending gratuitous letters is counter productive. I also respect the need to sparingly and accurately reduce to writing contents of telephone conversations. To that end, some of the what I heard you say yesterday (not all of them) are as follows (please correct me if I misunderstood or misstate anything, or, if you have changed or refined your position):

1. You will not return all of Mr. Fischer's client file because most of the file is in the possession of Nicholas J. Waddles and you will not obtain it from Mr. Waddles. Mr. Fischer will need to obtain his client file from Mr. Waddles.

2. You will not provide any of the billings for Mr. Fischer as these are owned by Western Mixers, Inc. since Western Mixers, Inc. paid for Mr. Fischer's legal services.

3. You will only provide to Mr. Fischer what has Mr. Fischer's "name on it" such as the complaint against Mr. Fischer.

4. You do not represent Mr. Bolstad in any capacity.

5. Mr. Waddles is Mr. Bolstad's attorney.

6. You do not represent Mr. Fischer in any capacity.

7. Mr. Fischer knew before your communication to Mr. Fischer that Mr. Bolstad is raising claims of embezzlement of Western Mixers, Inc. monies.

8. District Attorney charges are very imminent, Mr. Bolstad reports to you that he had to allege over $300,000 of embezzled funds to get a District Attorney investigation commenced, and that Mr. Bolstad recently reported to you that he has found "$100,000" of additional "embezzled" funds.

9. That it is because of this "pending" district attorney investigation, that you have a conflict and have withdrawn from representing Mr. Fischer.

10. Mr. Fischer has a drinking problem.

11. Mr. Fischer can handle the penalties waiver issue alone. You will not.

12. You will forward to me the conflict of interest engagement form with Mr. Fischer's signature on it.

13. Mr. Fischer is crazy to challenge the consent judgment. Mr. Fischer has ERISA exposure.

14. Mr. Fischer was of sound mind when he signed the consent judgment.

15. You are not billing anybody for any of the time that you have been spending for the recent past as you do not represent anybody.

We have not received the client file and papers. We have had no response from our communication to Mr. Waddles who you continue to assert was responsible for the negotiation and entry of the consent judgment. I have received no documentation suggesting that Mr. Waddles was hired by Mr. Fischer or that Mr. Waddles was attorney of record or associated counsel on the above-referenced matter.

Again, we would like a copy of the entire client file which includes all papers and

documents related to the above-referenced matter, concerning all parties. Mr. Fischer is a disabled and kind gentleman who asked you about why he should have to give up his life earned pension plan to pay for the company's non-compliance and you retorted hostilely and defensively.

There remain about three hours of today to have the client file, in its entirety, or, a copy thereof, delivered as demanded, or other arrangements made as previously communicated. The attorney fee provision in the engagement letter to which you refer and rely goes both ways. Also, remember, you still have not provided even the engagement letter signed by my client that allegedly contains that provision.

Thank you.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 6. 2012 1:48PM ) * * *

1)
2)

Date/Time: Jul. 6. 2012 1:46PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4586 | Memory TX 598100 | 16269748403 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 6, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Tami Kay Lee
PK Schrieffer LLP
100 North Barranca Avenue, Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Ms. Lee:

Thank you for your telephone call yesterday. I agree that having a letter writing *campaign* or sending gratuitous letters is counter productive. I also respect the need to sparingly and accurately reduce to writing contents of telephone conversations. To that end, some of the what I heard you say yesterday (not all of them) are as follows (please correct me if I misunderstood or misstate anything, or, if you have changed or refined your position):

1. You will not return all of Mr. Fischer's client file because most of the file is in the possession of Nicholas J. Waddles and you will not obtain it from Mr. Waddles. Mr. Fischer will need to obtain his client file from Mr. Waddles.

2. You will not provide any of the billings for Mr. Fischer as these are owned by Western Mixers, Inc. since Western Mixers, Inc. paid for Mr. Fischer's legal services.

3. You will only provide to Mr. Fischer what has Mr. Fischer's "name on it" such as the complaint against Mr. Fischer.

4. You do not represent Mr. Bolstad in any capacity.

7

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 6, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, Calfornia 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

We are again informed by Tami Kay Lee that you were solely responsible for the negotiation and entry of the consent judgment and that you have most of Mr. Fischer's client file. We reiterate the statements of our prior communication and add that we do not see anything in our file that substantiates Ms. Lee's statements.

However, in addition to what has been stated in our prior communication, in the event that you are in possession of any of the client file for Mr. Fischer, whether it is that of PK Schrieffer/Tami Kay Lee or of your firm, Seyfarth Shaw LLP, which would include all papers and documents pertaining to the above-referenced matter regardless of to which party it pertains, we would again request that it be forwarded to our client, Mr. Fischer, immediately. Time is of the essence.

Further, Ms. Lee states that you are Mr. Bolstad's attorney. We would request confirmation of this fact as we will be communicating to you on Mr. Bolstad's behalf concerning a query he has made to Mr. Fischer, as well as other matters involving Mr. Fischer's employment, disability, pension plan, and wages.

We have heard nothing in response to our prior communication. Thank you for your anticipated expedient response to these two communications.

Nicholas J. Waddles
July 6, 2012
Page 2 of 2

Thank you.

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

P. 29

* * * Communication Result Report ( Jul. 6. 2012 2:41PM ) * * *

1)
2)

Date/Time: Jul. 6. 2012 2:39PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4588 | Memory TX 598100 | 13102826948 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 6, 2012

*Please reference file number when responding:* 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

We are again informed by Tami Kay Lee that you were solely responsible for the negotiation and entry of the consent judgment and that you have most of Mr. Fischer's client file. We reiterate the statements of our prior communication and add that we do not see anything in our file that substantiates Ms. Lee's statements.

However, in addition to what has been stated in our prior communication, in the event that you are in possession of any of the client file for Mr. Fischer, whether it is that of PK Schrieffer/Tami Kay Lee or of your firm, Seyfarth Shaw LLP, which would include all papers and documents pertaining to the above-referenced matter regardless of to which party it pertains, we would again request that it be forwarded to our client, Mr. Fischer, immediately. Time is of the essence.

Further, Ms. Lee states that you are Mr. Bolstad's attorney. We would request confirmation of this fact as we will be communicating to you on Mr. Bolstad's behalf concerning a query he has made to Mr. Fischer, as well as other matters involving Mr. Fischer's employment, disability, pension plan, and wages.

We have heard nothing in response to our prior communication. Thank you for your anticipated expedient response to these two communications.

# 8



2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

(310) 201-1525

nwaddles@seyfarth.com

Writer's direct fax
(310) 201-5219

July 6, 2012

**VIA FACSIMILE TO (818) 550-5008 AND U.S. MAIL**

Robert Sainburg
Office of Robert Sainburg, Attorneys
620 N. Brand Blvd., Suite 405
Glendale, CA 91203-1266

***Re:*** ***Frank L. Rudy, et. al., v. David Bolstad, et. al., Hilda L. Solis v. Frank Rudy, et. al.*** **United States District Court Case Numbers 10-cv-04655-JHN(PJW) consolidated with: 2:11-cv-07220 JHN (PJW)**

Dear Mr. Sainburg:

This letter is written in response to your letter of July 5, 2012. It is unclear from that letter whether you are currently Robert Fischer's counsel. You state that you have been "consulted" by him in connection with the matter(s) referenced above, which suggests something less than an attorney-client relationship. However, you signed the letter as "Attorneys for Robert J. Fischer" so I am responding to you on the assumption that you are, in fact, his counsel.

You ask whether my firm is, or ever was, counsel to Mr. Fischer in the *Frank Rudy v. David Bolstad and Robert Fischer* matter (the "Rudy lawsuit") and "related cross-actions." I assume that your reference to the related cross-actions is to the lawsuit that was filed by the Department of Labor against several defendants, including your client, Mr. Fischer, (the "DOL lawsuit") which was later consolidated with the Rudy lawsuit.

In either case, my firm does not currently represent Mr. Fischer and never has in connection with the DOL lawsuit, which you correctly point out was resolved by the filing of a consent judgment on May 1, 2012.

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



In July 2010, my firm filed a stipulation to extend the time to respond to the initial complaint that was filed in the Rudy lawsuit on behalf of Mr. Bolstad and Mr. Fischer. Ms. Lee substituted as counsel for Mr. Fischer shortly thereafter (in October 2010) and we have not provided Mr. Fischer any individual advice or counsel regarding that matter since that date.

Sincerely,

SEYFARTH SHAW LLP

Nicholas J. Waddles

cc: Eric McDonough

14630538v.1

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

9

# P.K. SCHRIEFFER LLP

*Established in 1998*

Paul K. Schrieffer
*Founding Partner*

Mitchell J. Freedman+
*Managing Partner*

Donald S. Zalewski
*Partner*

Norma N. Schrieffer
*Administrative Director*

***Los Angeles***
100 N. Barranca Ave.
Suite 1100
West Covina, CA 91791
Phone 626.373.2444
Facsimile 626.974.8403

***San Diego***
402 W. Broadway Ave.
Suite 400
San Diego, CA 92101
Phone 619.321.6920
Facsimile 626.974.8403

*Reply To*
Los Angeles Office
pks@pksllp.com
mjf@pksllp.com

Rena M. Stone
Stanley R. Escalante *
Tami Kay Lee *
Catherine T. Thong
Kristin M. Kubec
Andy Mendoza
Lori R. Simon
Anthony Santos
James R. Carty
Ellin J. Lee
Wayne H. Hammack
Michael H. Lee

* Also admitted in NV
+ Also admitted in AZ

July 9, 2012

**VIA U.S. MAIL and FAX**

Robert Sainburg, Esq.
Office of Robert Sainburg, Attorneys
620 North Brand Boulevard, Suite 405
Glendale, CA 91203-1266

**Re: Frank L. Rudy, et al. v. David Bolstad, et al.**
*consolidated* **w/Dept of Labor v. Bolstad/Rudy/Fischer**
Our File No.: SAF.493-A

Dear Mr. Sainburg:

This acknowledges receipt of your four letters, one dated July 2, 2012, two dated July 5, 2012 and one dated July 6, 2012. This also acknowledges your conversation with Tami Kay Lee, Esq. of our office on July 5, 2012. This correspondence responds to those letters and separately confirms the conversation Ms. Lee had with you.

As your letters are often inaccurate and inflammatory, when they are not repetitive and confused, we will respond to various issues you have raised rather than a chronological response to each letter and reserve any right to further respond, if necessary.

Robert Sainburg, Esq.
Re: Frank L. Rudy, et al. v. David Bolstad, et al. (*consolidated* w/ Department of Labor v. Bolstad/Rudy/Fischer)
Page 2 of 8

**Mr. Fischer's File Materials**

Your July 6 letter suggests that Ms. Lee promised you Mr. Fischer's file by close of business on that date. No such promise was ever made. Our office will provide a copy of the file that our office maintained, once it is retrieved from storage and copied. We will provide you a copy of the file, but expect that you or your client will pay for the copying costs consistent with California Rules of Professional Conduct, Rule 3-700(D).

Please send your messenger to pick-up Mr. Fischer's file from our West Covina office on **Thursday, July 19, 2012 at 2:00 p.m.** Please again bring a check for the copy costs as we will provide you, before that date and time, an invoice for the copying charges.

If there are documents in any file in the possession of the Seyfarth Shaw firm, your client is free to contact that firm. We cannot produce what we do not have in our possession.

P. 36

Robert Sainburg, Esq.
Re: Frank L. Rudy, et al. v. David Bolstad, et al. (*consolidated* w/ Department of Labor v. Bolstad/Rudy/Fischer)
Page 8 of 8

Sincerely,

**P.K. SCHRIEFFER LLP**

Paul K. Schrieffer
Mitchell J. Freedman

PKS/MJF/TKL:dm
Enclosures

P. 37

# 10

SEYFARTH SHAW LLP
ATTORNEYS

2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-1525

Writer's e-mail
nwaddles@seyfarth.com

Writer's direct fax
(310) 201-5219

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

July 9, 2012

**VIA FACSIMILE TO (818) 550-5008 AND U.S. MAIL**

Robert Sainburg
Office of Robert Sainburg, Attorneys
620 N. Brand Blvd., Suite 405
Glendale, CA 91203-1266

***Re:*** ***Frank L. Rudy, et. al., v. David Bolstad, et. al., Hilda L. Solis v. Frank Rudy, et. al.*** **United States District Court Case Numbers 10-cv-04655-JHN(PJW) consolidated with: 2:11-cv-07220 JHN (PJW)**

Dear Mr. Sainburg:

This letter is written in response to your letter of July 6, 2012 regarding the matter referenced above. I trust that you received my response to your July 5th letter, which was sent to you by facsimile also on July 6th. As I stated in that letter, we are not counsel to Mr. Fischer and did not represent him in these matters (other than for the brief and limited purpose of filing a stipulation to extend the time to respond to the complaint filed in the Rudy matter). Accordingly, we are not in possession of any client files for Mr. Fischer.

Also, you asked for confirmation that we are "Mr. Bolstad's attorney." We represent Western Mixers Produce & Nuts, Inc., and Mr. Bolstad is the Chief Executive Officer of that company. You are welcome to send any questions you have for Mr. Bolstad about Western Mixers to my attention.

Sincerely,

SEYFARTH SHAW LLP

Nicholas J. Waddles

cc: Eric McDonough

14640060v.1

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

11

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 9, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*
Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

This letter confirms receipt of yours dated July 9, 2012, wherein you affirmatively state that you have none of Mr. Fischer's client files or papers and only advocated for Mr. Fischer to the extent that filing a stipulation to extend time is deemed advocacy.

Further, from your letter, in response to mine concerning whether you represent Mr. Bolstad and/or whether we should communicate to you concerning Mr. Bolstad, we take the answer to be negative in both regard. However, should we wish to accept your invitation, we will do so.

Should you have any questions, or should this understanding be in error, please advise immediately.

Thank you for your response.

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 9. 2012 4:10PM ) * * *

1)
2)

Date/Time: Jul. 9. 2012 4:08PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4593 | Memory TX 598100 | 13102826948 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 9, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*
Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

This letter confirms receipt of yours dated July 9, 2012, wherein you affirmatively state that you have none of Mr. Fischer's client files or papers and only advocated for Mr. Fischer to the extent that filing a stipulation to extend time is deemed advocacy.

Further, from your letter, in response to mine concerning whether you represent Mr. Bolstad and/or whether we should communicate to you concerning Mr. Bolstad, we take the answer to be negative in both regard. However, should we wish to accept your invitation, we will do so.

Should you have any questions, or should this understanding be in error, please advise immediately.

Thank you for your response.

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

# 12

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 10, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*

Paul K. Schriffler
Mitchell J. Freedman
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Gentlepersons:

I am in receipt of your eight (8) page letter of July 9, 2012. In that letter, I note your threat against me personally if Mr. Fischer commences a legal malpractice case against you. This being your first communication to me, I find it particularly noteworthy. I note the repeated words, "frivolous" and "baseless."

Today, I am here to serve a good man - one who has been married for many decades. One who worked for decades for Western Mixers. Today, I am here to restore to my client what he deserved from the beginning. Honest representation.

Now it is my turn to address a couple of points, perhaps more cordially and professionally than you: I note from the outset, that there are over three statements in the letter that I <u>personally</u> know are false, which makes the remaining parts of the letter lack any credibility and increases the credibility of my own client:

---

Despite your attempts to spar, I do not take your invitation. We are awaiting the client file and your continuing to thwart our receipt of it, is noted. If you would not play hide-the-ball, we might be able to verify your claims. It is difficult to imagine that the file that you admittedly continued to work on until a couple of weeks ago, would already be in storage.

Moreover, we will expect all communications to date with any of the parties, not just with Mr. Fischer and that includes post-consent judgment entry. We will expect that you will review your ethical obligations arising out of joint representation. We will expect all communications between Mr. Bolstad and any member of your firm or its staff.

---

Please provide us with a copy of a document with our client's signature, wherein my client agrees to pay for your copying costs of his file. Otherwise, we will expect that the file will be released to the messenger without expectation of payment by Mr. Fischer.

Furthermore, please advise us twenty four (24) hours in advance as to how many case file boxes Mr. Fischer's client file consists of to allow for the messenger to come with the proper equipment and transportation. We will expect you to produce all of my client's file regardless of whether you have provided temporary custody to any third person and regardless of the propriety of having done so. We will expect you to take all steps necessary to obtain and return my client's file to Mr. Fischer. Please be sure that there will be only one trip required for the entirety of the file.

We have not been engaged to handle anything concerning addressing the government or the ratification of the consent judgment. You have withheld the client file and papers, and have claimed that most of the file is in possession of a firm that denies Ms. Lee's statements to this point in their entirety. Furthermore, your withdrawal from the case has further prompted Mr. Fischer's need to consult with our firm concerning his remedies. We have not been engaged for, nor are we equipped to, negotiate the penalties. We have not seen the court file, and do not even know if there is any time limit on doing so. We have not examined any document with an eye towards such issue. We are not the attorneys of record for this issue.

Upon receipt of the client file for which we have now sought for ten (10) days, we can evaluate all of your claims that we are making baseless accusations. We must file to have the consent judgment set aside promptly and are awaiting the file and then will need time to review it. As it is now apparent that Mr. Bolstad wishes to continue to step all over Mr. Fischer and does not want peace or to have this matter put to bed, time is of the essence. We hope that what you provide us will be tabbed and orderly.

The engagement letter promised statements would be sent to *each* of your clients. Please make sure that the statements are also included with the file notwithstanding Ms. Lee's statements that because Western Mixers paid for the services, they own the statements. My client has never been sent a single statement.

Paul K. Schriffler
Mitchell J. Freedman
July 10, 2012
Page 4 of 4

---

Please provide us with any communications advising Ms. Fischer to seek outside counsel, and/or any engagement of your firm to represent Ms. Fischer, in her ostensible waiver of her pension rights.

And, yes. Unwaivable conflict. Look it up.

Thank you gentlepersons.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: ______________________________
Robert Sainburg, Attorneys for ROBERT J. FISCHER

P. 47

P. 1

* * * Communication Result Report ( Jul. 10. 2012 1:33PM ) * * *

1)
2)

Date/Time: Jul. 10. 2012 1:31PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4595 | Memory TX 598100 | 16269748403 | P. 4 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax.(818) 550-5008

July 10, 2012

*Please reference file number when responding:* 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*

Paul K. Schriffler
Mitchell J. Freedman
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Gentlepersons:

I am in receipt of your eight (8) page letter of July 9, 2012. In that letter, I note your threat against me personally if Mr. Fischer commences a legal malpractice case against you. This being your first communication to me, I find it particularly noteworthy. I note the repeated words, "frivolous" and "baseless."

Today, I am here to serve a good man - one who has been married for many decades. One who worked for decades for Western Mixers. Today, I am here to restore to my client what he deserved from the beginning. Honest representation.

Now it is my turn to address a couple of points, perhaps more cordially and professionally than you: I note from the outset, that there are over three statements in the letter that I personally know are false, which makes the remaining parts of the letter lack any credibility and increases the credibility of my own client.

13

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 12, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Paul K. Schriffler
Mitchell J. Freedman
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Gentlepersons:

It is unacceptable that you are withholding the client file until July 19, 2012. We must have assurances by 5 p.m. today that the client file will be ready for pick up by **tomorrow** at Noon.

We originally read your letter provided on last Monday that it would be ready on Thursday (today) at 2 p.m. but realized that you meant *next* Thursday, over ten (10) days later, and over two weeks from our initial request.

We will look forward to a communication today that this client file will be ready tomorrow for pick up within a realistic range of time.

Thank you for your expected compliance with this demand.

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 12. 2012 11:08AM ) * * *

1)
2)

Date/Time: Jul. 12. 2012 11:07AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4597 | Memory TX 598100 | 16269748403 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 12, 2012

*Please reference file number when responding*: 598100

*via facsimile 626.974.8403 and First Class U.S. Mail*
Paul K. Schriffler
Mitchell J. Freedman
PK Schrieffer LLP
100 North Barranca Avenue,
Suite 1100
West Covina, CA 91791

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Gentlepersons:

It is unacceptable that you are withholding the client file until July 19, 2012.. We must have assurances by 5 p.m. today that the client file will be ready for pick up by **tomorrow** at Noon.

We originally read your letter provided on last Monday that it would be ready on Thursday (today) at 2 p.m. but realized that you meant *next* Thursday, over ten (10) days later, and over two weeks from our initial request.

We will look forward to a communication today that this client file will be ready tomorrow for pick up within a realistic range of time.

Thank you for your expected compliance with this demand.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT FISCHER

# 14

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 16, 2012

*Please reference file number when responding*: 598100

*via facsimile 415.625.7772, electronic mail* schultz.andrew@dol.gov *and First Class U.S. Mail*

Andrew J. Schultz
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions and related consolidated actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Schultz:

This firm represents Robert J. Fischer concerning the above-referenced matter. Although we are not the attorneys of record, Mr. Fischer's former attorneys, Tami Kay Lee, Paul K. Schrieffer, Mitchell J. Freedman, and P.K. Schrieffer, LLP, have withdrawn from representing Mr. Fischer.

The focus of this letter is to ascertain whether the United States Department of Labor is willing to have the consent judgment vacated, at least as it pertains to Mr. Fischer. The reason for the inquiry includes, without limitation, the following:

[1] to avoid the necessity of, and consequential aftermath resulting from, the filing of a motion to have the judgment set aside and of having such a motion granted,

[2] to mitigate the unjust damage done to Mr. Fischer by the current status of the consent judgment having been filed on May 1, 2012, and

[3] to provide Mr. Fischer with proper representation and counsel concerning the federal litigation and its resolution.

---

The bases for the request to have the consent judgment set aside include, without limitation, the following:

[1] Mr. Fischer was deprived of competent and zealous representation free of serious conflicts of interest, neither waivable nor properly waived.

[2] Mr. Fischer was very ill during the critical time period involving the entry of the consent judgment, having recently had a heart attack and several amputations and his ability to have understood such a document is dubious at best.

[3] Mr. Fischer was never a fiduciary for the pension plan and could not have therefor, been found personally liable, having never had any authority or discretion over the pension plan, nor ever being a trustee of the pension plan.

[4] Mr. Fischer was made false promises of continuing employment and false assurances of peace following the entry of the consent judgment. Following the ink thereon being dry, this was shown to be a sham by Mr. Fischer and his attorney, leading Mr. Fischer to believe that his continuing employment depended upon signing the agreement, but subsequently being terminated.

[5] Mrs. Fisher never had any legal representation or counsel before entering into a waiver of her community interest in Mr. Fischer's pension plan, another gentle elderly person of modest means.

[6] The consent judgment was unconscionable as to Mr. Fischer, its entry hadn't even a modicum of procedural fairness towards Mr. Fischer, and I would hope, and expect, that the law will protect Mr. Fischer's expectation for his day in Court

[7] It is simply not an adequate remedy for Mr. Fischer to have to commence new and lengthy litigation against his former attorneys for professional negligence, nor is professional negligence the sole basis for having the consent judgment set aside, although absent having attorneys betraying his interests for the sake of their paying client, we would not likely be having this conversation today.

---

[8] Neither Mr. nor Mrs. Fischer were ever told that entry into this settlement would result in a substantial tax liability nor recommended to seek independent tax advice.

We would respectfully request your input and contribution in the above-referenced respect. Our aim is to protect our client's substantive and procedural important legal interests. We would be happy to expand on any and all of the foregoing. We are continuing to evaluate the matter and welcome your involvement or input into the process.

In short, Mr. Fischer had a heart attack in September 2012. He "died" three times, having come back to life through the present upon the third revival. He had several digits amputated in February 2012, shortly following his removal from *the* pre-settlement conference meeting in a wheelchair. He was in severe pain for several weeks following that amputation.

Mr. Fischer was denied advice upon specific request to his attorneys of record when he was approached the very first time in *March* 2012 with a written settlement proposal that proposed that he relinquish all of his vested rights in his pension plan that he had worked for and earned over a lifetime of dedicated service to Western Mixers, Inc.

In response, Mr. Fischer was referred to an outside attorney who was another attorney for Mr. Fischer's employer, not an attorney of record on the matter, to ask about the propriety of the proposed settlement but was declined counsel. Mr. Fischer's attorneys claimed, and continue to claim, that they have no obligation to advise Mr. Fischer concerning settlement.

The attorneys of record, upon Mr. Fischer's return to them, during a ten minute telephone conversation shouted and intimidated Mr. Fischer into signing the decree with virtually no competent advice threatening Mr. Fischer to lose everything if he did not sign.

Mr. Fischer, to this date, has never seen the entire settlement agreement that he signed which lacked several of the attachments which constituted part of the agreement. Mr. Fischer, it appears, has lost just about everything, but for his lovely wife, and his lingering life.

---

There was neither adequate *CRPC* 3-310 compliance from the inception, nor *any* compliance before entry into the consent decree which had Mr. Fischer give Western Mixers's employees his personal pension plan. In short, it appears that Mr. Fischer was "thrown under the bus" to make the deal happen causing Mr. Fischer to fund his employer's non-compliance.

In the interim, respectful request and demand is made that no steps are taken to cause any increased difficulty for Mr. Fischer to have the consent judgment set aside and if any steps have been taken, that steps are taken to preserve the Court's effective power to set aside the judgment. We will provide a copy of this letter to other counsel in this case so that any such steps being taken immediately cease pending the voluntary or court ordered vacation of the judgment.

We will file such a motion after our receipt of the client file and in the event that our pre-filing discussions with you are unsuccessful. We would be willing to enter into any appropriate stipulation and order with respect to the consent judgment, including confidentiality, and/or, shielding the former attorneys from legal malpractice cooperative efforts involved in this regard. Obviously, in the event that the judgment is not set aside, Mr. Fischer's former attorneys' exposure will be substantial.

I am available at anytime for communication with you. Would you please provide me with a written response by Friday, July 20, 2012? Meanwhile, Mr. Fischer is being asked to address the penalties provided for in the consent judgment. Mr. Fischer neither wishes to waive his interests set forth in this letter nor to offend the requested processes.

Thank you in advance for your attention to the contents of this letter.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

---

cc: Nicholas J. Waddles (via e-mail, facsimile and First Class U.S. Mail)
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
fax: 310.282.6948
nwaddles@seyfarth.com

Aurora Leigh Perez Basa (via e-mail, facsimile and First Class U.S. Mail)
Rebecca B. Mocciaro
Farmer and Ridley
444 South Flower Street, Suite 600
Los Angeles, California 90071
fax: 213.833.7812
abasa@f-rlaw.com
rmocciaro@f-rlaw.com

Western Mixers, Inc. (via facsimile and First Class U.S. Mail)
2910 San Fernando Road
Los Angeles, California 90065
323.344.5270
fax: 323.342.5282

**Robert Sainburg**

| | |
|---|---|
| **From:** | ricoh.tech@yahoo.com |
| **Sent:** | Monday, July 16, 2012 5:09 PM |
| **To:** | RS Firm |
| **Subject:** | Transmission Result : OK Fax Message NO.4607 |
| **Attachments:** | 20120716170853346.tif |

This E-mail was sent from "RNPD4C174" (Aficio MP 4000).

Queries to: sainburglaw@sbcglobal.net

******** Communication Result Report( 2012. 7.16 17:08 ) ********

Sender:
Time : 2012/ 7/16 17:06

-----------------------------------------------------------------------------

[Dest.] G3 :14156257772
[Sent Page/Total Page] 5/ 5 [Result] OK

-----------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail
E.2) Busy
E.3) No answer
E.4) No facsimile connection
E.5) Exceeded max. E-mail size

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 16, 2012

*Please reference file number when responding*: 598100

*via facsimile 415.625.7772 only*

Andrew J. Schultz
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions and related consolidated actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Schultz:

Please note the following errata: Page two of the July 16, 2012 communication to Mr. Schultz, at item [4] should read, "sham by Mr. Bolstad..."

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

cc: Nicholas J. Waddles (via facsimile only)
Seyfarth Shaw LLP
fax: 310.282.6948

Aurora Leigh Perez Basa (via facsimile only)
Rebecca B. Mocciaro
Farmer and Ridley
fax: 213.833.7812

* * * Communication Result Report ( Jul. 16. 2012 5:53PM ) * * *

1)
2)

Date/Time: Jul. 16. 2012 5:50PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4610 | Memory TX 598100 | 14156257772 | P. 1 | OK | |
| | | 13102826948 | | OK | |
| | | 12138337812 | | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax (818) 550-5008

July 16, 2012

*Please reference file number when responding*: 598100

*via facsimile 415.625.7772 only*

Andrew J. Schultz
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions and related consolidated actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Schultz:

Please note the following errata: Page two of the July 16, 2012 communication to Mr. Schultz, at item [4] should read, "sham by Mr. Bolstad..."

Respectfully,

OFFICE OF ROBERT SAINBURG, Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

cc: Nicholas J. Waddles (via facsimile only)
Seyfarth Shaw LLP
fax: 310.282.6948

Aurora Leigh Perez Basa (via facsimile only)
Rebecca B. Mocciaro
Farmer and Ridley
fax: 213.833.7812

* * * Communication Result Report ( Jul. 16. 2012 5:08PM ) * * *

1)
2)

Date/Time: Jul. 16. 2012 5:06PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4607 | Memory TX 598100 | 14156257772 | P. 5 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 16, 2012

*Please reference file number when responding*: 598100

*via facsimile 415.625.7772, electronic mail* schultz.andrew@dol.gov *and First Class U.S. Mail*

Andrew J. Schultz
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions and related consolidated actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Schultz:

This firm represents Robert J. Fischer concerning the above-referenced matter. Although we are not the attorneys of record, Mr. Fischer's former attorneys, Tami Kay Lee, Paul K. Schrieffer, Mitchell J. Freedman, and P.K. Schrieffer, LLP, have withdrawn from representing Mr. Fischer.

The focus of this letter is to ascertain whether the United States Department of Labor is willing to have the consent judgment vacated, at least as it pertains to Mr. Fischer. The reason for the inquiry includes, without limitation, the following:

[1] to avoid the necessity of, and consequential aftermath resulting from, the filing of a motion to have the judgment set aside and of having such a motion granted,

[2] to mitigate the unjust damage done to Mr. Fischer by the current status of the consent judgment having been filed on May 1, 2012, and

[3] to provide Mr. Fischer with proper representation and counsel concerning the federal litigation and its resolution.

15

**Robert Sainburg**

**From:** Schultz, Andrew - SOL <Schultz.Andrew@dol.gov>
**Sent:** Tuesday, July 17, 2012 1:48 PM
**To:** sainburglaw@sbcglobal.net
**Subject:** RE: Mr./Mrs. Robert J. Fischer/DOL/Consent Judgment/Rudy/Bolstad/WM

Dear Mr. Sainburg,

I will respond to your correspondence via letter but it will probably take at least a week to get you a response.

Sincerely,

Andrew J. Schultz
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th St., Suite 3-700
San Francisco, CA 94103
Phone: 415-625-7745
Fax: 415-625-7772

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.

---

**From:** Robert Sainburg [mailto:sainburglaw@sbcglobal.net]
**Sent:** Monday, July 16, 2012 5:27 PM
**To:** 'Robert Sainburg'
**Subject:** Mr./Mrs. Robert J. Fischer/DOL/Consent Judgment/Rudy/Bolstad/WM

Gentlepersons:

Please see attached communication.

**ETHICAL, EXPERIENCED, EFFECTIVE ADVOCACY**

***CHARACTER COUNTS!!!***

[PLEASE NOTE: ELECTRONIC MAIL IS PERIODICALLY REVIEWED DURING NORMAL BUSINESS HOURS ONLY. ELECTRONIC MAIL IS NOT NECESSARILY REVIEWED AT ANY CERTAIN FREQUENCY AND SOMETIMES IS NOT READ AT ALL. IF ANY INFORMATION CONVEYED BY ELECTRONIC MAIL IS VERY IMPORTANT, AND YOU ARE NOT ADEQUATELY ASSURED OF THE INFORMATION CONTAINED IN YOUR ELECTRONIC MAIL HAVING BEEN READ, YOU SHOULD TELEPHONE US.]

**Respectfully,**

***Robert Sainburg***
**Office of Robert Sainburg, Attorneys**
**620 North Brand Boulevard, Suite 405**
**Glendale, California 91203-1266**

16

**OFFICE OF ROBERT SAINBURG, ATTORNEYS**
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 18, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

We continue to be informed by P.K. Schrieffer, LLP, that your firm, through your services, represented and advised our client, Robert J. Fischer, concerning the Money Purchase Pension Plan, the DOL lawsuit, the Rudy lawsuit, and/or otherwise.

There is the legal requirement for conflict of interest waivers, other engagement documents, and other ethically required documents, including third party compensation written documentation, not to mention a Seyfarth Shaw LLP client file itself and accompanying papers which would extend to include all representation of Western Mixers Produce & Nuts, Inc. and David Bolstad. We are requesting all such documents to be provided immediately.

Would you please unambiguously confirm to us that at no time ever has your firm or you been the attorney for Robert J. Fischer whether as attorney-of-record, or, otherwise, including that at no time were you engaged for, or, *de facto*, advised Mr. Fischer concerning the propriety of his waiving his interest in his pension plan, assuming liability for penalties (subject to a hardship claim), and/or concerning Mr. Fischer's being, or not being, a plan fiduciary? To flip this on its head, please confirm that all communications with Mr. Fischer were only pertaining to all documents and records pertaining to your representation of Western Mixers Produce & Nuts, Inc. and David Bolstad.

---

Please consider this our demand for all statements and payment history for services rendered to Mr. Fischer and/or on his behalf, his client file and papers, all engagement and engagement-related documents. This includes Mr. Fischer's request for all such documents and papers concerning the above-referenced subject matter regardless of whether Mr. Bolstad's name or Mr. Fischer's name is included therewith.

Upon such confirmation, we see no further need to bother you in this regard and bid you good fortune. Without such confirmation, we would simply be pressed to require the production of documents and records that P.K.Schrieffer insists is in your possession and custody. To be clear, Mr. Fischer requests any of his client file and papers that are of the P.K. Schieffer, LLP firm in your possession, custody or control, including, without limitation, all communications, including electronic with Mr. Bolstad and Western Mixers, Inc. and all other documents and records that are part of Mr. Fischer's client file and papers of P.K. Schrieffer, LLP, that P.K. Schrieffer, LLP, claims you are holding.

Thank you in advance.

Respectfully,

OFFICE OF ROBERT SAINBURG,
Attorneys

by: Robert Sainburg, Attorneys for ROBERT J. FISCHER

* * * Communication Result Report ( Jul. 18. 2012 4:30PM ) * * *

1)
2)

Date/Time: Jul. 18. 2012 4:29PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4615 | Memory TX 598100 | 13102826948 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

OFFICE OF ROBERT SAINBURG, ATTORNEYS
620 North Brand Boulevard, Suite 405
Glendale, California 91203-1266
(818) 550-5001
Fax: (818) 550-5008

July 18, 2012

*Please reference file number when responding*: 598100

*via facsimile 310.282.6948 and First Class U.S. Mail*

Nicholas J. Waddles
Seyfarth Shaw LLP
One Century Plaza
2029 Century Park East, Suite 3500
Los Angeles, California 90067

Re: *Frank L. Rudy, etc. v. David Bolstad, etc., et. al. (and related cross-actions)*
United States District Court Case Number 2:10-cv-04655-JHN-PJWx

Dear Mr. Waddles:

We continue to be informed by P.K. Schrieffer, LLP, that your firm, through your services, represented and advised our client, Robert J. Fischer, concerning the Money Purchase Pension Plan, the DOL lawsuit, the Rudy lawsuit, and/or otherwise.

There is the legal requirement for conflict of interest waivers, other engagement documents, and other ethically required documents, including third party compensation written documentation, not to mention a Seyfarth Shaw LLP client file itself and accompanying papers which would extend to include all representation of Western Mixers Produce & Nuts, Inc. and David Bolstad. We are requesting all such documents to be provided immediately.

Would you please unambiguously confirm to us that at no time ever has your firm or you been the attorney for Robert J. Fischer whether as attorney-of-record, or, otherwise, including that at no time were you engaged for, or, *de facto*, advised Mr. Fischer concerning the propriety of his waiving his interest in his pension plan, assuming liability for penalties (subject to a hardship claim), and/or concerning Mr. Fischer's being, or not being, a plan fiduciary? To flip this on its head, please confirm that all communications with Mr. Fischer were only pertaining to all documents and records pertaining to your representation of Western Mixers Produce & Nuts, Inc. and David Bolstad.

17

SEYFARTH ATTORNEYS SHAW LLP

2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-1525

Writer's e-mail
nwaddles@seyfarth.com

Writer's direct fax
(310) 201-5219

ATLANTA BOSTON CHICAGO HOUSTON LOS ANGELES NEW YORK SACRAMENTO SAN FRANCISCO WASHINGTON, D.C. BRUSSELS

July 19, 2012

**VIA FACSIMILE TO (818) 550-5008 AND U.S. MAIL**

Robert Sainburg
Office of Robert Sainburg, Attorneys
620 N. Brand Blvd., Suite 405
Glendale, CA 91203-1266

***Re: Robert J. Fischer***

Dear Mr. Sainburg:

This letter is written in response to your letters of July 9, 2012 and July 13, 2012 regarding various purported matters between your client, Robert J. Fischer, and our client, Western Mixers Produce & Nuts, Inc., (formerly known as Western Mixers, Inc.) ("Western Mixers"). We understand pursuant to your July 9, 2012 letter that all communications from Western Mixers to Robert J. Fischer shall go through your office.

Likewise, as I wrote in my letter to you dated July 9, 2012, I along with my law firm, Seyfarth Shaw LLP, represent Western Mixers. Accordingly, this letter is notice that all future communication regarding Mr. Fischer's prior employment with Western Mixers should be directed to my law firm and me, and not Mr. Bolstad or anyone at the company directly.

Sincerely,

SEYFARTH SHAW LLP

Nicholas J. Waddles

cc: Eric R. McDonough, Esq.
John T. Anthony III, Esq.

14680154v.2

18

SEYFARTH ATTORNEYS SHAW LLP

2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-1525

Writer's e-mail
nwaddles@seyfarth.com

Writer's direct fax
(310) 201-5219

July 19, 2012

**VIA FACSIMILE TO (818) 550-5008 AND U.S. MAIL**

Robert Sainburg
Office of Robert Sainburg, Attorneys
620 N. Brand Blvd., Suite 405
Glendale, CA 91203-1266

***Re: Robert J. Fischer***

Dear Mr. Sainburg:

This letter is written in response to your July 18, 2012 letter regarding your client, Robert J. Fischer's request of the United States Department of Labor ("the DOL") seeking consent to Mr. Fischer's withdrawal from—or setting aside of—the consent decree he entered into. At this time, it is our understanding that the DOL has sole discretion regarding whether to allow Mr. Fischer to withdraw from the consent decree he entered into or to set that consent decree aside. Accordingly, it is also our understanding that we have no authority to take a position with respect to Mr. Fischer's requests.

Sincerely,

SEYFARTH SHAW LLP

NJW

Nicholas J. Waddles

cc: Eric R. McDonough, Esq.
John T. Anthony III, Esq.

14682794v.1

ATLANTA BOSTON CHICAGO HOUSTON LOS ANGELES NEW YORK SACRAMENTO SAN FRANCISCO WASHINGTON, D.C. BRUSSELS