1 | OFFICE OF ROBERT SAINBURG, Attorneys
Robert Sainburg [State Bar Number 157707]
2 | 620 North Brand Boulevard, Suite 405
Glendale, California  91203-1266
3 | Telephone:  (818) 550-5001
Facsimile: (818) 550-5008
4 | Firm e-mail: sainburglaw@sbcglobal.net

5 | Attorneys for: Defendant ROBERT J. FISCHER

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | FRANK L. RUDY, as an individual,
and in his individual capacity as a
11 | shareholder of Western Mixers, Inc.,

12 |           Plaintiff,

13 |      vs.

14 | DAVID BOLSTAD, an individual;
ROBERT FISCHER, an individual,
15
          Defendants.
16 | _____

17 | HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,
18
          Plaintiff,
19
      vs.
20
FRANK L. RUDY, DAVID H.
21 | BOLSTAD, ROBERT J. FISCHER,
WESTERN MIXERS, INC.,
22 | WESTERN MIXERS INC. MONEY
PURCHASE PENSION PLAN,
23
          Defendants.
24 | _____

Case No. 2:10-cv04655JHN-PJWx
c/w 2:11-cv-07220-JHN-PJWx

DEFENDANT ROBERT J. FISCHER'S
REPLY TO UNITED STATES
DEPARTMENT OF LABOR'S
OPPOSITION TO DEFENDANT
ROBERT J. FISCHER'S MOTION
TO SET ASIDE CONSENT
JUDGMENT PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE RULE 60(B)(6)

Action filed:      June 23, 2010
Trial date:        Post-Judgment

Judge: Hon. Michael W. Fitzgerald
Ctrm:  1600

DATE:       December 10, 2012
TIME:       10:00 a.m.
PLACE:      Courtroom 790

25 |      Defendant and Moving Party ROBERT J. FISCHER hereby files his Reply

26

1

27 | DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
OPPOSITION TO DEFENDANT ROBERT J. FISHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
28 | PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

1   to United States  Department of Labor's Opposition to Defendant Robert J.

2   Fischer's Motion to Set Aside Consent Judgment Pursuant to Federal Rules of

3   Civil Procedure Rule 60(b)(6).   There has been no opposition by Defendants

4   Western Mixers, Inc., Western Mixers Inc. Money Purchase Pension Plan, or

5   David H. Bolstad, although all have been duly and timely served.  Defendant

6   FRANK L. RUDY filed a joinder in the DOL's opposition.

7         The DOL's opposition consisted of two documents: a declaration by

8   Andrew Schultz and a declaration by Sandra Corral.

9   *Andrew Schultz Declaration*

10        In Paragraph 2 of Mr. Schultz's declaration, Mr. Schultz says that the DOL's

11  position has always been that "the defendants must determine for themselves how

12  to apportion liability."  When it came time to negotiate a settlement with DOL, Mr.

13  Bolstad and Mr. Rudy never gave Mr. Fischer any meaningful chance to apportion

14  liability.  Even *if* Mr. Fischer were equally liable for the breach of fiduciary duty,

15  Mr. Fischer was required to surrendered 100% of his vested benefit while, for

16  example, Mr. Rudy, a shareholder and plan trustee, was required to give less than

17  7% of his pension plan, and as another example, *the Company, Western Mixers,*

18  *Inc., paid nothing towards the deficiencies.*

19        Just as Mr. Fischer was an employee dominated by Mr. Bolstad and ordered

20  to take steps that were in violation of ERISA, in the settlement negotiations, Mr.

21  Fischer was neither consulted nor advised by counsel.  Mr. Fischer was ordered to

22  give up his entire retirement savings while the true culprits gave up significantly

23  lower amounts of their accrued benefits.

24        In Paragraphs 3 and 4 of Mr. Schulz's declaration, referenc is made to Mr.

25  Fischer's presence at a settlement conference.   Mr. Fischer was present for the

26

27

28

DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
OPPOSITION TO DEFENDANT ROBERT J. FISCHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

1  first portion of a conference, while in excruciating pain, and was taken away by

2  professional transport in a wheelchair due to his condition.   At no time was there

3  discussion in Mr. Fischer's presence that Mr. Fischer would be personally liable or

4  would have to pay any portion of his own retirement plan.   Mr. Fischer was an

5  employee, not an owner, did not have discretionary control, and was not a

6  fiduciary or trustee over the plan.

7  *Sandra Corral Declaration*

8        In paragraph 12[1] of Ms. Corral's declaration , Ms. Corral states that the

9  company was plan administrator of the plan yet the company did not pay anything

10  towards the ultimate settlement.  In the same paragraph, Ms. Corral states that Mr.

11  Fischer "performed all of the administrative tasks for the Plan." A fiduciary, a

12  task performer, does not make.

13        In Paragraph 12(a) of Ms. Corral's declaration, Ms. Corral alleges that Mr.

14  Fischer administered the plan's loan program.   Ms. Corral suggests Mr. Fischer

15  had some discretion with respect to the loan program.   There are no allegations by

16  the DOL against Mr. Fischer or any other defendant arising out of the member

17  loan program.

18        In Paragraphs 13 and 14 of her declaration Ms. Corral states that Mr.

19  Fischer signed checks that represented breaches of fiduciary duty.  Mr. Fischer

20  was ordered by Mr. Bolstad and Mr. Rudy to write and sign those checks.  Mr.

---

22  [1]   Ms. Corral's declaration contains inadmissible hearsay and argument,
23  but because check writing and loan programs are irrelevant to the
24  issues of this motion, the focus has been kept on Mr. Fischer's Rule
25  60(b)(6) motion and his wrongful denial of his day in Court and not
26  on making evidential objections to irrelevant, albeit inadmissible,
   evidence.

DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
OPPOSITION TO DEFENDANT ROBERT J. FISHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

1    first portion of a conference, while in excruciating pain, and was taken away by

2    professional transport in a wheelchair due to his condition.   At no time was there

3    discussion in Mr. Fischer's presence that Mr. Fischer would be personally liable or

4    would have to pay any portion of his own retirement plan.   Mr. Fischer was an

5    employee, not an owner, did not have discretionary control, and was not a

6    fiduciary or trustee over the plan.

7    *Sandra Corral Declaration*

8         In paragraph 12[1] of Ms. Corral's declaration , Ms. Corral states that the

9    company was plan administrator of the plan yet the company did not pay anything

10   towards the ultimate settlement.   In the same paragraph, Ms. Corral states that Mr.

11   Fischer "performed all of the administrative tasks for the Plan." A fiduciary, a

12   task performer, does not make.

13        In Paragraph 12(a) of Ms. Corral's declaration, Ms. Corral alleges that Mr.

14   Fischer administered the plan's loan program.   Ms. Corral suggests Mr. Fischer

15   had some discretion with respect to the loan program.   There are no allegations by

16   the DOL against Mr. Fischer or any other defendant arising out of the member

17   loan program.

18        In Paragraphs 13 and 14 of her declaration Ms. Corral states that Mr.

19   Fischer signed checks that represented breaches of fiduciary duty.  Mr. Fischer

20   was order by Mr. Bolstad and Mr. Rudy to write and sign those checks.  Mr.

21   _____

22   [1]      Ms. Corral's declaration contains inadmissible hearsay and argument,
         but because check writing and loan programs are irrelevant to the
23       issues of this motion, the focus has been kept on Mr. Fischer's Rule
         60(b)(6) motion and his wrongful denial of his day in Court and not
24       on making evidential objections to irrelevant, albeit inadmissible,
         evidence.
25

26
                                                3
27

1  Bolstad and Mr. Rudy knew it was a breach of their fiduciary duty to take money

2  out of the plan to help the Company.  That is why they had Mr. Fischer sign the

3  checks.  Mr. Fischer could either lose his job or sign the check and he would

4  appear to be the person choosing to divert plan assets for the use of the Company.

5  Mr. Fischer had no motive to steal plan assets.  Even though Mr. Fischer was a

6  signator on the account, Mr. Fischer had no authority or power to write those

7  checks.  If Mr. Fischer did so on his own, he would have been fired.  In fact, Mr.

8  Bolstad directed him to issue and sign the checks referenced in paragraphs 13 and

9  14.

10  *Exhibits to Sandra Corral Declaration*

11         When one reviews Exhibits A and B to Ms. Corral's declaration, one finds a

12  dearth of allegations against Mr. Fischer (Exhibit A), and an absence of any

13  defense for Mr. Fischer by his supposed attorneys, Mr. Waddles (Exhibit B).  In

14  Ms. Corral's reporting of an interview at which she admittedly was not even

15  present, she reports Mr. Fischer's signatures on checks as showing discretionary

16  control.   Yet this only shows that Mr. Fischer was a good employee doing as he

17  was told to do by the culpable parties.

18  *Post-filing developments*

19         Promptly after the instant motion was served upon Mr. Bolstad (November

20  8, 2012) and Western Mixers (November 8, 2012), Western Mixers re-filed a state

21  action against Robert Fischer (November 16, 2012) (LASC #BC495752) that it

22  had previously filed (LASC #BC493701) about one month before (October 11,

23  2012) and then, dismissed without prejudice on or about November 1, 2012 when

24  Western Mixers lost a prejudgment attachment motion.   This attempt to intimidate

25  and out paper Mr. Fischer (by parties who are not opposing this motion) is yet

26

27

28

---

4

DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
OPPOSITION TO DEFENDANT ROBERT J. FISCHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

1   another drain on Moving Party's scare remainng resources, and attempt to keep

2   him from this Court.   The more Mr. Fischer has to go to Court, and to pay to

3   oppose motions and to reply to oppositions, the less effective Mr. Fischer will be.

4                                            Conclusion

5        Moving Party and Defendant ROBERT J. FISCHER respectfully requests

6   that the Court grant this Motion to Set Aside Consent Judgment Pursuant to

7   Federal Rules of Civil Procedure Rule 60(b)(6).

8                                  Respectfully,

9                                  OFFICE OF ROBERT SAINBURG,
                                   Attorneys
10                                                   /s/
    Dated:    11/26/12

11                                 by:    Robert Sainburg, Attorneys for Defendant
                                         ROBERT J. FISCHER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              5
27   DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
    OPPOSITION TO DEFENDANT ROBERT J. FISCHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
28         PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)

<u>Declaration of Robert J. Fischer</u>

I, ROBERT J. FISCHER, declare as follows:

1.  I am personally familiar with each and every fact set forth in this declaration, except as to facts set forth on information and belief and as to those, I am informed and based thereon believe that those facts are true, and if called upon to do so, I would testify to the truthfulness of those facts set forth herein on my own knowledge.

2.  I have reviewed United States Department of Labor's Opposition to Defendant Robert J. Fischer's Motion to Set Aside Consent Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6).

3.  In Mr. Schultz's declaration he states that I was present at a February 2012 settlement conference.  Nothing of much consequence occurred in that portion of the February settlement conference at which I was present.  After I was taken out by professional transport upon the pain becoming unbearable, I do not know what occurred.   There was never any suggestion that I would lose my life-earned retirement plan or personally be liable for the company's deficiencies.

4.  In Paragraphs 13 and 14 of Ms. Corral's declaration, Ms. Corral states that I signed checks that represented breaches of fiduciary duty.  I was ordered by Mr. Bolstad and Mr. Rudy to write and sign those checks.   I had a choice - lose my job or sign the checks.   I had no motive to steal plan assets.   Even though I was a signator on the account, I had no authority or power to write those checks.  If I had done so without specific authority, I would have been fired.  Mr. Bolstad directed me to issue and sign the checks referenced in paragraphs 13 and 14 of Mr. Corral's declaration.  I never had authority

1   over bank accounts.  I signed only at the direction of the trustees.   All

2   transactions were directed by the hands-on approach of Mr. Bolstad.

3   5.   Western Mixers has re-filed the state action against me (November 16,

4         2012) (LASC #BC495752) that it had previously filed (LASC #BC493701)

5         and then dismissed (November 1, 2012).   This will cost me resources I

6         cannot afford, or, I will have to default.

7         I certify under penalty of perjury that the foregoing is true and correct.  This

8   declaration was executed on this 26 day of November 2012.

10                                        Robert J. Fischer

11

27   DEFENDANT ROBERT J. FISHER'S REPLY TO UNITED STATES  DEPARTMENT OF LABOR'S
     OPPOSITION TO DEFENDANT ROBERT J. FISCHER'S MOTION TO SET ASIDE CONSENT JUDGMENT
28   PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(B)(6)